M. Elizabeth Graham (Cal. Bar Id. 143085)
**GRANT & EISENHOFER P.A.**
2325 Third Street, Suite 329
San Francisco, CA 94107
Tel.: (415) 229-9720
Fax: (415) 789-4367
Email: egraham@gelaw.com

Daniel L. Berger (*pro hac vice*)
Caitlin M. Moyna (*pro hac vice*)
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: dberger@gelaw.com
Email: cmoyna@gelaw.com

*Counsel for the NYC Funds and Proposed Lead
Counsel for the Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| SUZANNE L. FLANNERY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SNOWFLAKE INC., FRANK SLOOTMAN, and MICHAEL P. SCARPELLI, <br><br> Defendants. | 5:24-cv-01234-PCP <br><br> <u>CLASS ACTION</u> <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES (i) IN FURTHER SUPPORT OF THE NYC FUNDS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND (ii) IN OPPOSITION TO COMPETING MOTIONS FOR LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** <br><br> Date: June 6, 2024 <br> Time: 10:00 AM <br> Courtroom: 8, 4th Floor <br> Judge: Hon. P. Casey Pitts |

Memorandum of Points and Authorities (i) in Further Support of the NYC Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and (ii) in Opposition to Competing Motions for Lead Plaintiff and Approval of Lead Counsel – 5:24-cv-01234-PCP

Proposed Lead Plaintiff Teachers' Retirement System for the City of New York ("TRS"), New York City Employees' Retirement System ("ERS"), New York City Police Pension Fund ("Police"), New York City Fire Department Pension Fund ("Fire"), New York City Board of Education Retirement System ("BOE"), Police Officers' Variable Supplements Fund ("POVSF"), Police Superior Officers' Variable Supplements Fund ("PSOVSF"), New York City Firefighters' Variable Supplements Fund ("FFVSF"), New York City Fire Officers' Variable Supplements Fund ("FOVSF"), New York Fire Department Life Insurance Fund ("FDLIF"), and Teachers' Retirement System of the City of New York Variable A ("TRS Var A"), collectively, the "NYC Funds," respectfully submits this Memorandum of Points and Authorities in Further Support of the Motion of the NYC Funds for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (ECF No. 15) (the "Motion").

## **MEMORANDUM OF POINTS AND AUTHORITIES**

The NYC Funds respectfully submits this memorandum of law in opposition to competing motions made pursuant to § 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for appointment as Lead Plaintiff and approval of its selection of Lead Counsel.

### I.    PRELIMINARY STATEMENT

On April 29, 2024, the NYC Funds moved to be appointed as Lead Plaintiff in this action, and to have its choice of counsel, Grant & Eisenhofer, approved as Lead Counsel. (ECF Nos. 15-16.) For appointment of Lead Plaintiff, the PSLRA instructs that "the court shall adopt a presumption that the most adequate plaintiff . . . is the person or group of persons who . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Now, considering all the movants, the NYC Funds unquestionably has the "largest financial interest" as it acquired 454,026 shares during the relevant period, on which it has losses of over $39.5 million.

1

Memorandum of Points and Authorities (i) in Further Support of the NYC Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and (ii) in Opposition to Competing Motions for Lead Plaintiff and Approval of Lead Counsel – 5:24-cv-01234-PCP

Six motions were made by other investors seeking to be appointed as Lead Plaintiff. *See* ECF Nos. 23, 26, 29, 34, 40, & 48. Currently, two remain: (i) Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative Head of the New York State and Local Retirement System, and as Trustee of the New York State Common Retirement Fund ("New York State Common Retirement Fund" or "NYSCRF") (ECF Nos. 34-35); and (ii) the Institutional Investor Group (ECF Nos. 40-42)[1]. The following movants have withdrawn their motions to be appointed as Lead Plaintiff: (i) Ronald Augustyn (ECF No. 56); and (ii) Kimberly A. Cross Spears (ECF No. 68); (iii) Chuck Pruna (ECF No. 69); and (iv) Ron Zizman (ECF No. 70).

As the chart below (*infra* p. 3) demonstrates, the NYC Funds ranks highest in each of the *Olsten-Lax* categories as compared to the two remaining Lead Plaintiff movants.[2] Courts in this Circuit regularly consider the *Olsten-Lax* factors when deciding which movant should be appointed as Lead Plaintiff. *See Leventhal v. Chegg, Inc.*, No. 5:21-CV-09953-EJD, 2022 WL 4099454, at *2 (N.D. Cal. Sept. 7, 2022) (considering the *Olsten-Lax* factors when appointing a Lead Plaintiff); *Weston v. DocuSign, Inc.*, No. 22-CV-00824-WHO, 2022 WL 1301770, at *2 (N.D. Cal. Apr. 18, 2022) (same); *In re Nutanix, Inc. Sec. Litig.*, No. 19-CV-01651-WHO, 2021 WL 783579, at *2 (N.D. Cal. March 1, 2021) (same). The NYC Funds has the largest financial interest in the outcome of this litigation and thus is the presumptive Lead Plaintiff. Further, for the reasons explained in its opening memorandum of law, the NYC Funds – a group of

---

[1] On May 13, 2024, the Institutional Investor Group filed a Memorandum of Points and Authorities in Support of its Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel in which it acknowledged that it is not the presumptive Lead Plaintiff as it does not have the largest financial interest in the relief sought, and just argued to be appointed if the movants with larger losses were found inadequate. (ECF No. 67.)

[2] In preparing the response to the opposing Lead Plaintiff motions, the NYC Funds became aware of a transposition error in its list of transactions in Snowflake common stock. Specifically, in Schedule A to the Jung Certification (ECF No. 16-1 at 6-12), a sale of 80 shares was inadvertently listed twice when it should have only been listed once. *See* Berger Declaration, Exhibit A, filed herewith. However, this extra sale was not used to calculate the NYC Funds' losses or any of the data in Exhibit B to the Berger Declaration dated April 29, 2024 (ECF No. 16-2). Therefore, the NYC Funds' LIFO losses; class period purchases and sales; net shares; and net funds expended, which are listed in Exhibit B to the Berger Declaration (*see id.*), were, and remain accurate.

Memorandum of Points and Authorities (i) in Further Support of the NYC Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and (ii) in Opposition to Competing Motions for Lead Plaintiff and Approval of Lead Counsel – 5:24-cv-01234-PCP

sophisticated institutional investors that oversee collectively more than $266 billion in assets – meets the other requirements to serve as Lead Plaintiff. Accordingly, the NYC Funds respectfully requests that the Court deny the competing motions and appoint the NYC Funds as Lead Plaintiff on behalf of purchasers and acquirers of Snowflake Class A common stock during the Class Period (the "Class").

## II.    STATEMENT OF ISSUES

1.    Whether the NYC Funds is the "most adequate plaintiff," pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i) and should therefore be appointed as Lead Plaintiff; and

2.    Whether this Court should approve the NYC Funds' selection of Grant & Eisenhofer P.A. ("Grant & Eisenhofer") as Lead Counsel, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## III.    STATEMENT OF RELEVANT FACTS

On April 4, 2024, statutory notice was published in this case advising putative class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move this Court to be appointed as Lead Plaintiff by April 29, 2024.  *See* ECF No. 16-3.  The NYC Funds filed its motion for appointment as Lead Plaintiff on April 29, 2024 (*see* ECF No. 15).  In its motion, the NYC Funds asserted that it had losses of over $39.5 million on a last in, first out basis ("LIFO"), and that during the Class Period it had: (i) purchased a total of 454,026 shares; (ii) purchased net shares in the amount of 409,567; and (iii) expended net funds of $115,806,643. *See id* at 6.

On April 29, 2024, six other movants also filed motions for appointment as Lead Plaintiff.  *See* ECF Nos. 23, 26, 29, 34, 40, & 48. As further discussed *infra*, only two motions for Lead Plaintiff remain: (i) Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative Head of the New York State and Local Retirement System, and as Trustee of the NYSCRF (ECF Nos. 34-35); and (ii) the Institutional Investor Group (ECF Nos. 40-42). In NYSCRF's motion for appointment as Lead Plaintiff, it asserted it had losses of $31,686,049 on a LIFO basis, and that during the Class Period it had: (i) purchased total shares of 394,072; (ii)

3

purchased net shares of 374,527; and (iii) expended net funds of $101,110,599. *See* ECF No. 35-2. Further, in the Institutional Investor Group's motion for appointment as Lead Plaintiff, it asserted that it had losses of $28,713,072 on a LIFO basis, and that during the Class Period it had: (i) purchased total shares of 324,580; purchased net shares of 176,645; and expended net funds of $62,591,831. *See* ECF No. 42-2.

## IV. ARGUMENT

### A. THE NYC FUNDS IS THE PRESUMPTIVE LEAD PLAINTIFF

In determining the largest financial interest, courts in this District examine the "Lax" factors, with the fourth factor – the calculated "loss" – "widely regarded as the factor commanding the most weight." *Peters v. Twist Bioscience Corp.*, 5:22-cv-8168, 2023 WL 4849431, at *4 (N.D. Cal. July 28, 2023) (Davila, J.). The NYC Funds has the greatest amount for each *Olsten-Lax* category among the remaining movants:

| Movant | Total Shares Purchased | Net Shares Purchased | Net Funds Expended | LIFO Loss |
|---|---|---|---|---|
| NYC Funds | 454,026 | 409,567 | ($115,806,643) | ($39,503,789) |
| NYSCRF | 394,072 | 374,527 | ($101,110,599) | ($31,686,049) |
| Institutional Investor Group | 324,580 | 176,645 | ($62,591,831) | ($28,713,072) |

### B. THE NYC FUNDS SATISFIES RULE 23

As explained in the NYC Funds' Motion, a Lead Plaintiff movant must also "otherwise satisf[y] the requirements of Rule 23" in order to be the presumptive Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Courts only need to consider the adequacy and typicality prongs of Rule 23 at the Lead Plaintiff appointment stage. *Deinnocentis v. Dropbox, Inc.*, No. 19-CV-06348-BLF, 2020 WL 264408, at *4 (N.D. Cal. Jan. 16, 2020).

For the reasons explained in its Motion, the NYC Funds is adequate and typical. Specifically, the NYC Funds' claims are typical because it: (1) purchased Snowflake Class A common stock during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when

corrective disclosures removed the inflation caused by Defendants' conduct, causing the price of Snowflake's Class A common stock to drop. The NYC Funds' claims are based on the same legal theory, and arise from the same events and course of conduct as the Class's claims, and thus satisfy Rule 23(a)(3)'s typicality requirement. *See Kusen v. Herbert*, 23-cv-02940-AMO, 2023 WL 8171736, at *6 (N.D. Cal. Nov. 24, 2023). For these reasons, the NYC Funds has demonstrated typicality.

The NYC Funds is also adequate because it will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The NYC Funds does not have conflicts of interest with other Class members; Rather, its interests are aligned with those of the other Class members. Additionally, as an institutional investor with a substantial financial stake in the litigation, the NYC Funds has the resources, experience, and expertise to vigorously represent the Class and prosecute this action.

The NYC Funds has also demonstrated that it satisfies Rule 23 because it has negotiated with its proposed Lead Counsel, Grant & Eisenhofer, for an attorney's fee that is significantly below the one-third amount regularly endorsed in this Circuit. *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001) (stating that "one of the best ways for a court to ensure that [a lead plaintiff] will fairly and adequately represent the interests of the class is to inquire whether the movant has demonstrated a willingness and ability to select competent class counsel and to negotiate a reasonable retainer agreement"); *see also In re Petrobras Secs. Litig.*, 104 F. Supp. 3d 618, 624 (S.D.N.Y. 2015) (movant was adequate because it "vetted its chosen counsel extensively and negotiated for a more favorable fee agreement").

Finally, as explained in its Motion, the NYC Funds has experience serving as Lead Plaintiff in securities class actions and working vigorously to obtain the maximum recovery on behalf of similarly situated investors. *See* ECF No. 15 at 8-9.

Memorandum of Points and Authorities (i) in Further Support of the NYC Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and (ii) in Opposition to Competing Motions for Lead Plaintiff and Approval of Lead Counsel – 5:24-cv-01234-PCP

## C.   NO OTHER MOVANT CAN REBUT THE PRESUMPTION THAT THE NYC FUNDS IS THE MOST ADEQUATE PLAINTIFF

As explained, the NYC Funds has the largest financial interest in the litigation, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. It is therefore the presumptive Lead Plaintiff under the PSLRA. Further, no competing Lead Plaintiff movant will be able to rebut that presumption.

The presumption may be rebutted "only upon *proof* by a member of the purported plaintiff class that the presumptively most adequate plaintiff (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added).

Here, no competing Lead Plaintiff could submit any proof that the NYC Funds would not fairly and adequately protect the interests of the Class or would be subject to unique defenses rendering it incapable of representing the Class. The NYC Funds has a proven track record of adequately protecting classes of aggrieved investors in cases arising under the U.S. securities laws. As noted in the NYC Funds' Certification submitted with its Motion (*see* ECF No. 16-1), BOE, Fire, Police, NYCERS, and TRS were recently appointed Lead Plaintiff in *Brazinsky v. AT&T Inc. et al.*, No. 2:23-cv-04064 (D.N.J.). The foregoing funds along with TRS Var. A were appointed Lead Plaintiff in *The New York City Fire Department Pension Fund et al. v. Coupang, Inc. et al.*, l:22-cv-07309 (S.D.N.Y.). Additionally, NYCERS, Fire, Police, and TRS are currently serving as Lead Plaintiff in *KBC Asset Management NV et al. v. Discover Financial Services et al.*, No. 1:23-cv-06788 (N.D. Ill.). The NYC Funds has also recovered substantial settlements on behalf of investors. *See, e.g.*, *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.) ($625 million settlement); *In re Juniper Networks, Inc. Sec. Litig.*, No. 5:08-cv-00246 (N.D. Cal.) ($169.5 million); *In re Wachovia Equity Securities Litig.*, No. 1:08-cv-06171 (S.D.N.Y.) ($75 million); *Norfolk County Retirement System v. Community Health Systems, Inc. et al.*, No. 3:11-cv-00433 (M.D. Tenn.) ($53 million). In *Countrywide*, the court expressed its "confidence in [the NYC Funds'] ability to protect the

6

interests of the class" and determined that the NYC Funds is "obviously sophisticated." *Countrywide*, ECF No. 1060 at 65-66.

In addition, there are no unique defenses that would render the NYC Funds incapable of protecting or representing the Class.

### D.    THE COURT SHOULD APPROVE THE NYC FUNDS' SELECTION OF COUNSEL

For the reasons set forth in the NYC Funds' Motion, the Court should also approve the NYC Funds' selection of Grant & Eisenhofer as Lead Counsel. The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, with the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not interfere with a Lead Plaintiff's selection of counsel unless doing so is necessary "to protect the interests of the class."    15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the NYC Funds has selected Grant & Eisenhofer as proposed Lead Counsel for the Class. As Grant & Eisenhofer's resume reflects, the firm is highly experienced in the area of securities class action litigation, and has successfully achieved significant recoveries for aggrieved investors pursuing similar claims to those presented in this litigation on many occasions. *See* ECF No. 16-4 (Firm Resume).

### CONCLUSION

For the foregoing reasons, and for the reasons explained in its Motion and accompanying exhibits, the NYC Funds respectfully requests that the Court issue an Order (1) appointing the NYC Funds as Lead Plaintiff for the Class; and (2) approving its selection of Grant & Eisenhofer as Lead Counsel for the Class.

Memorandum of Points and Authorities (i) in Further Support of the NYC Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and (ii) in Opposition to Competing Motions for Lead Plaintiff and Approval of Lead Counsel – 5:24-cv-01234-PCP

Dated: San Francisco, California

May 13, 2024

Respectfully submitted,

*/s/ M. Elizabeth Graham*
M. Elizabeth Graham (Cal. Bar Id. 143085)
GRANT & EISENHOFER P.A.
2325 Third Street, Suite 329
San Francisco, CA 94107
Tel.: (415) 229-9720
Fax: (415) 789-4367
Email: egraham@gelaw.com

Daniel L. Berger (*pro hac vice*)
Caitlin M. Moyna (*pro hac vice*)
GRANT & EISENHOFER P.A.
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: dberger@gelaw.com
Email: cmoyna@gelaw.com

*Counsel for the NYC Funds and Proposed Lead Counsel for the Class*

Memorandum of Points and Authorities (i) in Further Support of the NYC Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and (ii) in Opposition to Competing Motions for Lead Plaintiff and Approval of Lead Counsel – 5:24-cv-01234-PCP