EXHIBIT C

# EXHIBIT C

DECLARATIONS SUBMITTED IN SUPPORT OF LEAD PLAINTIFF MOTIONS FILED BY MEMBERS OF THE NYC ELEVEN IN *ARCP* AND *GENERAL ELECTRIC*

Table of Contents

| Description | Page # |
|---|---|
| Declaration of Alan H. Kleinman, filed in support of lead plaintiff motion in *Ciraulu v. Am. Realty Corp. Props.*, No. 1:14-cv-08659 (S.D.N.Y.), ECF No. 49-4 | 4 (of 17) |
| Declaration of Alan H. Kleinman, filed in support of lead plaintiff motion in *Hachem v. Gen. Elec. Inc.*, No. 1:18-cv-01404 (S.D.N.Y.), ECF No. 13-4 | 13 (of 17) |

# Exhibit D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
PERRY CIRAULU, Individually and On          :
Behalf of All Others Similarly Situated,

              Plaintiff,                    :

        vs.                                 :     Case No. 14-cv-08659 (AKH)

                                            :
AMERICAN REALTY CAPITAL
PROPERTIES, INC., NICHOLAS S.               :
SCHORSCH, DAVID S. KAY, BRIAN
BLOCK and LISA MCALISTER,                   :
              Defendants.
                                            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
BERNARD PRIEVER, Individually And On        :
Behalf Of All Others Similarly Situated,

              Plaintiff,                    :

        vs.                                 :     Case No. 14-cv-08668 (AKH)

                                            :
AMERICAN REALTY CAPITAL
PROPERTIES, INC., LISA P. MCALISTER,        :
and BRIAN S. BLOCK,

                                            :
              Defendants.
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
STUART RUBINSTEIN, Individually and on      :
Behalf of All Others Similarly Situated,

              Plaintiff,                    :

        vs.                                 :     Case No. 14-cv-08669 (AKH)

                                            :
AMERICAN REALTY CAPITAL
PROPERTIES, INC., BRIAN S. BLOCK,           :
LISA MCALISTER AND NICHOLAS S.
SCHORSCH,                                   :

              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

```
------------------------------------- X
KEVIN PATTON, Individually and on Behalf  :
of All Other Persons Similarly Situated,
                                          :
                Plaintiff,
                                          :
      vs.                                           Case No. 14-cv-08671 (AKH)
                                          :
AMERICAN REALTY CAPITAL
PROPERTIES, INC.; DAVID S. KAY;           :
NICHOLAS S. SCHORSCH; BRIAN S.
BLOCK; AND LISA MCALISTER,                :

                Defendants.               :
------------------------------------- X
JAMES W. EDWARDS, JR., Individually and   :
on Behalf of All Others Similarly Situated,
                                          :
                Plaintiff,
                                          :
      vs.                                           Case No. 14-cv-08721 (AKH)
                                          :
AMERICAN REALTY CAPITAL
PROPERTIES, INC., NICHOLAS S.             :
SCHORSCH, DAVID S. KAY, BRIAN
BLOCK and LISA PAVELKA MCALISTER,         :

                Defendants.               :
------------------------------------- X
BERNEY HARRIS, individually and on behalf :
of all others similarly situated,
                                          :
                Plaintiff,
                                          :
      vs.                                           Case No. 14-cv-08740 (AKH)
                                          :
AMERICAN REALTY CAPITAL
PROPERTIES, INC., NICHOLAS S.             :
SCHORSCH, BRIAN S. BLOCK, and LISA
MCALISTER,                                :

                Defendants.               :
------------------------------------- X
```

**DECLARATION OF ALAN H. KLEINMAN IN SUPPORT OF THE
NYC FUNDS' MOTION FOR CONSOLIDATION OF ALL ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF, AND
<u>APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL</u>**

Alan H. Kleinman hereby declares, pursuant to 28 U.S.C. § 1746:

1.   I am Senior Counsel at the New York City Law Department ("Law Department").

2.   I submit this declaration in support of the application made by certain New York City Pension Funds described below (the "NYC Funds") for appointment as Lead Plaintiff and approval of their selection of Cohen Milstein Sellers & Toll PLLC as Lead Counsel in this action.

3.   New York City's pension fund system consists of various actuarial pension systems, including the following nine funds which are moving for appointment as Lead Plaintiff: the New York City Employees' Retirement System ("NYCERS"); the New York City Police Pension Fund ("Police") and the New York City Police Officers' Variable Supplements Fund ("POVSF"); the Board of Education Retirement System of the City of New York ("BERS"); the Teachers' Retirement System of the City of New York ("TRS") and the Teachers' Retirement System of the City of New York Variable A ("TRS Var-A"); and the New York City Fire Department Pension Fund ("Fire"), the New York City Fire Officers' Variable Supplements Fund ("FOVSF"), and the New York City Fire Fighters' Variable Supplements Fund ("FFSVF"); .  As reported in New York City's Comprehensive Annual Financial Report ("CAFR") for the 2014 fiscal year, the NYC Funds had over $133 billion in assets, and served more than 688,000 active and retired members.

4.   NYCERS, established under Section 13-102 of the Administrative Code of the City of New York, is the largest municipal retirement system in the United States.  NYCERS provides pension benefits to all New York City employees who join the pension plan and are not eligible to participate in certain other New York City pension funds.  As reported in the CAFR, NYCERS held over $54 billion in assets with over 187,000 active members and approximately 138,000 retirees and beneficiaries.

5.      Police, created pursuant to New York Local Law 2 of 1940, provides pension benefits for full-time uniformed employees of the New York City Police Department.  Police administers POVSF.  As reported in the CAFR, Police and POVSF combined, held over $34 billion in assets with more than 34,000 active members and 46,000 retired members.

6.      BERS was founded on August 1, 1921 to provide retirement benefits for civil service employees permanently employed by the City and School District of New York other than those who may retire under the provisions of other retirement laws.  BERS has since expanded to include other employees, such as provisional and part-time employees of the Department of Education and other covered employers.  As reported in the CAFR, BERS had approximately $3.3 billion in assets and approximately 28,000 active members and 15,000 retired members.

7.      TRS was established on August 1, 1917 and has since grown into one of the 40 largest pension funds in the U.S.  TRS includes all the teachers and administrative personnel employed by the Department of Education and certain employees of Charter Schools and the City University of New York.  As reported in the CAFR, TRS, including TRS Var-A, had over $70 billion in assets, and approximately 77,000 retirees and over 112,000 active members.

8.      Fire, established pursuant to New York Local Law 53, was established July 14, 1941.  Fire provides pension benefits for full-time employees of the New York City Fire Department. Fire administers FFVSF and FOVSF, which provide supplemental benefits to Fire members who retire with 20 or more years of service.  As reported in the CAFR, Fire, including FFVSF and FOVSF held over $11 billion in assets and has nearly 17,000 retirees and over 10,000 active members.

9.      For all of the NYC Funds except for TRS Var-A, the New York City Comptroller

2

serves as Chief Investment Advisor pursuant to written delegations by the NYC Funds, and also serves as Custodian of Assets pursuant to statute.  TRS Var-A has a separate custodian.

10.     In general, the NYC Funds have invested in domestic equities, international equities, U.S. fixed income investments, and private markets investments.

11.     The Law Department is the legal arm of the City of New York.  Pursuant to the powers and duties granted to it under Section 394 of the New York City Charter, the Law Department represents all City agencies and the NYC Funds, as well as the offices of elected officials such as the Comptroller and the Public Advocate.  In the matters in which outside counsel is retained to represent New York City, its agencies and its pension funds, the Law Department has the sole authority and responsibility to select which firms to retain and to negotiate the terms of retention.

12.     The Law Department has over 700 attorneys with exceptional depth in all areas of litigation, including class action litigation, at both the trial and appellate levels.  The Law Department's expertise extends to the areas of financial transactions and other related fields.  Since 1992, the Law Department has been involved in a number of cases involving securities laws, both securities fraud class action litigation and cases involving the issue of whether companies were required to include NYC Funds' shareholder proposals in their proxy materials.  *See, e.g.*, *The NYC Funds v. Brunswick Corp.*, 789 F. Supp. 144 (S.D.N.Y. 1992).

13.     The Law Department serves as counsel to the NYC Funds, and is thus able to provide direction and monitoring of this litigation on behalf of the NYC Funds.  The Law Department has both the experience and resources to perform this function.  The Law Department has retained outside counsel for certain of the NYC Funds in the following class actions in which the NYC Funds were appointed lead plaintiff: *In re Wachovia Equity Securities Litigation*, 08-cv-6171 (S.D.N.Y.); *In re Take-Two Securities Litigation*, Civil Action No. 1:06-

cv-00803-SWK (S.D.N.Y.); *In re Juniper Networks, Inc. Securities Litigation*, Civil Action No. 3:06-cv-4327-MJJ (N.D. Cal.); *Vogel v. Jobs*, Civil Action No. C-06-05208-JF (N.D. Cal.); *In re Countywide Financial Corp. Securities Litigation*, 07-cv-5295 (C.D. Cal.).  The Law Department also appointed outside counsel for the NYC Funds, and monitored the activity of said counsel, in *In re Cendant Corp. Litigation*, 264 F.3d 201 (3d Cir. 2001), and in *In re Orbital Sciences Corporation Securities Litigation*, 188 F.R.D. 237 (E.D. Va. 1999), securities class actions in which the NYC Funds were designated as lead plaintiff, as well as in significant non-class securities litigation. *See, e.g.*, *In re WorldCom, Inc. Securities Litigation*, 2004 WL 254682 (S.D.N.Y. Nov. 10, 2004).

14.     The NYC Funds are an ideal plaintiff to lead this litigation.  The NYC Funds have proven themselves to be precisely the type of institutional investor Congress was trying to attract to securities litigation when it enacted the Private Securities Litigation Reform Act of 1995 ("PSLRA"), achieving, for example, $169.5 million and $624 million settlements, respectively, in the *Juniper* and *Countrywide* class actions.  Courts have recognized the work of the NYC Funds in serving as lead plaintiff or co-lead plaintiff in prior securities class actions.  For instance, at the final settlement hearing in the *Countrywide* litigation on February 25, 2011, the Court praised the NYC Funds, together with a New York State pension fund as co-lead plaintiff in the litigation, stating they "are obviously sophisticated, and they have a large stake in the outcome . . . [a]nd the Court has confidence in their ability to protect the interests of the class."

15.     The NYC Funds have been highly selective in choosing cases they feel are appropriate for public pension fund involvement.  As a result of this selectivity in choosing cases, the NYC Funds are in full compliance with 15 U.S.C. § 78u-4, limiting service as a lead plaintiff to five securities class actions during any three-year period.

16.     The NYC Funds have decided to seek Lead Plaintiff appointment in this litigation

because of the important public policy considerations at stake and the obvious need for a strong independent entity to vigorously prosecute all claims and to conscientiously monitor the actions of Lead Counsel. As evidenced by their prior history as Lead Plaintiff in *Cendant*, *Juniper Networks*, *Wachovia*, *Countrywide*, and *WorldCom* the NYC Funds are qualified to represent this class and to ensure that the interests of the class are never overshadowed by the concerns of class counsel.

17. In addition, I have had conversations with other public pension funds to further the goals of the NYC Funds to have conscientious lead plaintiffs represented by excellent counsel with fee agreements aimed to maximize recovery to all class members. As the Court might deem appropriate, the NYC Funds are prepared to partner with other public pension funds to secure these goals.

18. Following a competitive selection process, the NYC Funds have chosen Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") to serve as the NYC Funds' selection as Lead Counsel. The Law Department will receive, review, and approve all significant pleadings *(e.g.*, consolidated complaint, opposition to motion to dismiss, motion for class certification, and significant discovery motions) before they are filed with the Court.

19. The Law Department will attend or be fully advised prior to court appearances, settlement discussions, and other important litigation events. It is the Law Department's and the Comptroller's Office's practice to participate with multiple representatives in each day of any mediation or settlement negotiations.

20. The Law Department requires that Cohen Milstein have periodic meetings and conference calls to discuss developments and strategies in the prosecution of the case.

21. The Law Department will also receive and review, on a periodic basis, time and expense reports of Cohen Milstein.

22.     The NYC Funds and Cohen Milstein have negotiated a schedule for the payment of attorneys' fees which provides for contingent fee payments that are significantly less than fees typically awarded in securities fraud class action litigation.  Cohen Milstein has agreed that they will not submit any fee application to the Court without the prior approval of the NYC Funds. Moreover, any fee application is, of course, subject to final approval of the Court.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on the 29th day of December, 2014.

**Alan H. Kleinman**
Digitally signed by Alan H. Kleinman
DN: cn=Alan H. Kleinman, o=Affirmative Litigation Division, ou=New Yorki City Law Department, email=akleinma@law.nyc.gov, c=US
Date: 2014.12.29 14:16:41 -05'00'

Alan H. Kleinman

6

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIHAD A. HACHEM, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL ELECTRIC INC., et al., <br><br> Defendants. | Case No. 1:17-cv-8457 (JMF) |

**DECLARATION OF ALAN H. KLEINMAN IN SUPPORT OF THE NEW YORK CITY
PENSION FUNDS' MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

Alan H. Kleinman hereby declares, pursuant to 28 U.S.C. § 1746:

1.     I am Senior Counsel at the New York City Law Department ("Law Department").

I submit this declaration in support of the application made by certain New York City Pension

Funds described below (the "NYC Funds") for appointment as lead plaintiff and approval of

their selection of Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser") as lead counsel.

2.     New York City's pension fund system consists of various actuarial pension

systems, including the New York City Employees' Retirement System ("NYCERS"), the

Teachers' Retirement System of The City of New York ("TRS"), the New York City Police

Pension Fund ("PPF"), and the New York City Fire Pension Fund ("FDPF"),[1] which, together

with supplemental funds POVSF, PSOVSF, TRS-VA, FOVSF, and FFVSF, are moving for

appointment as lead plaintiff in this action.

---

[1] These systems include supplemental funds:  the Police Officer's Variable Supplements Fund
("POVSF") and the Police Supervisor Officers' Variable Supplements Fund ("PSOVSF"); the
Teachers' Retirement System of the City of New York Variable Annuity Funds ("TRS-VA"); the
Fire Officers' Variable Supplements Fund ("FOVSF") and the Fire Fighters' Variable
Supplements Fund ("FFVSF").

-1-

Case 1.16-cv-01404-JMF Document 13-4 Filed 05/04/18 Page 3 of 6

3.  The New York City Comptroller ("Comptroller") acts as the investment manager for all the NYC Funds (except TRS-VA) pursuant to resolutions passed by each of the Funds. In that capacity, he (a) establishes substantially similar investment guidelines for the investments made by each of the NYC Funds; (b) retains portfolio managers for the NYC Funds, many of whom invest for more than one of the NYC Funds; and (c) has the final right of approval with respect to investments made on behalf of the NYC Funds.

4.  The Comptroller's Office, through the Bureau of Asset Management, serves as the financial advisor, custodian, and trustee to the NYC pension systems. As of June 30, 2017, the Bureau of Asset Management had responsibility for $182.3 billion of City pension systems' investment assets, on behalf of the systems' more than one million participants.

5.  The Law Department is the legal arm of the City of New York, employing more than 900 attorneys. Pursuant to the powers and duties granted to it under Section 394 of the New York City Charter, the Law Department represents all City agencies, the offices of elected officials such as the Comptroller and the Public Advocate, and the NYC Funds.

6.  In the matters in which outside counsel is retained to represent New York City, its agencies, and its pension funds, the Law Department has the sole authority and responsibility to select which firms to retain and to negotiate the terms of retention.

7.  The Law Department has both the experience and resources to provide direction and monitoring of litigation on behalf of the NYC Funds. The Law Department has retained outside counsel in the following class actions in which certain of the NYC Funds were appointed lead plaintiff or class representative: *In re Take-Two Securities Litigation*, No. 1:06-cv-00803-SWK (S.D.N.Y.); *In re Juniper Networks, Inc. Securities Litigation*, No. 3:06-cv-4327-MJJ (N.D. Cal.) ($169.5 million settlement); *Vogel v. Jobs*, No. C-06-05208-JF (N.D. Cal.); *In re*

*Countywide Financial Corp. Securities Litigation*, No. 07 cv 5295 (C.D. Cal.) ($624 million settlement); *In re Wachovia Equity Securities Litigation*, No. 08-cv-6161 (S.D.N.Y.) ($75 million settlement); *Norfolk County Retirement System v. Community Health, Inc.*, No. 11-cv-0433 (M.D. Tenn.); and *In re American Realty Capital Properties, Inc. Litigation*, No. 1:15-mc-00040-AKH (S.D.N.Y.).

8.      The Law Department also appointed outside counsel for the NYC Funds, and monitored the activity of counsel, in *In re Cendant Corp. Litigation*, 264 F.3d 201 (3d Cir. 2001), and in *In re Orbital Sciences Corporation Securities Litigation*, 188 F.R.D. 237 (E.D. Va. 1999), securities class actions in which the NYC Funds were designated as lead plaintiff.

9.      The NYC Funds also have been involved in significant non-class securities litigation. *See, e.g.*, *In re WorldCom, Inc. Sec. Litig.*, 2004 WL 254682 (S.D.N.Y. Nov. 10, 2004); *In re Petrobas Sec. Litig.*, No. 14-CV-09662 (S.D.N.Y. 2015); and *New York City Emps.' Ret. Sys., et al. v. Valeant Pharm. Int'l, Inc., et al.*, No. 3:18-cv-00032 (D.N.J. 2018).

10.     The NYC Funds are an ideal plaintiff to lead this litigation. The NYC Funds have proven themselves to be precisely the type of institutional investor Congress was trying to attract to securities litigation when it enacted the Private Securities Litigation Reform Act of 1995, achieving, for example, $169.5 million and $624 million settlements, respectively, in the *Juniper* and *Countrywide* class actions.

11.     Courts have recognized the work of the NYC Funds in serving as lead plaintiff or co-lead plaintiff in prior securities class actions. For instance, at the final settlement hearing in the *Countrywide* litigation on February 25, 2011, the Court praised the NYC Funds, together with a New York State pension fund as co-lead plaintiff in the litigation, stating they "are

Case 1.16-cv-01404-JMF Document 13-4 Filed 05/04/16 Page 5 of 6

obviously sophisticated, and they have a large stake in the outcome . . . [a]nd the Court has confidence in their ability to protect the interests of the class."

12.     The Law Department has been highly selective in recommending to the NYC Funds cases that warrant their involvement. The NYC Funds' decision to seek lead plaintiff status is governed not only by an interest in maximizing the recovery to the stockholders, but also in obtaining changes in corporate governance and safeguards against the occurrence of similar abuses in the future.

13.     The NYC Funds have decided to seek lead plaintiff appointment in this litigation because of the important public policy considerations at stake and the obvious need for a strong independent entity to vigorously prosecute all claims and to conscientiously monitor the actions of lead counsel. As evidenced by their prior history as lead plaintiff in *Cendant, Juniper Networks, Wachovia, Countrywide,* and *WorldCom*, the NYC Funds are qualified to represent this class and to ensure that the interests of the class are never overshadowed by the concerns of class counsel.

14.     In addition, I have had conversations with other public pension funds to further the goals of the NYC Funds to have conscientious lead plaintiffs represented by excellent counsel with fee agreements aimed to maximize recovery to all class members. As the Court might deem appropriate, the NYC Funds would consider partnering with other public pension funds to secure these goals.

15.     The Law Department has in place processes to ensure the best representation of the NYC Funds (and any classes where they are selected as lead plaintiff). A panel of firms is selected after a competitive Request for Proposal process. Then, for this and other matters, a specific firm is chosen after proposals are solicited from the panel, which includes the

-4-

Case 1.16-cv-01404-JMF   Document 13-4   Filed 05/04/18   Page 6 of 6

submission of fee proposals.  Only after this two-step process has the Law Department chosen Lieff Cabraser to serve as lead counsel for the class.

16.     The Law Department will receive, review, and approve all significant pleadings (e.g., consolidated complaint, opposition to motion to dismiss, and motion for class certification) before they are filed with the Court.

17.     The Law Department will attend, or be fully advised prior to, court appearances, settlement discussions, and other important litigation events.  It is the Law Department's and the Comptroller's Office's practice to participate in each day of any mediation or settlement negotiations.

18.     The Law Department requires that Lieff Cabraser have periodic meetings and conference calls to discuss developments and strategies in the prosecution of the case.

19.     The Law Department will also receive and review, on a periodic basis, time and expense reports of Lieff Cabraser.

20.     The NYC Funds and Lieff Cabraser have agreed to a schedule for the payment of attorneys' fees, which caps contingent fee payments, resulting in fees that are significantly less than fees typically awarded in securities fraud class action litigation.  Lieff Cabraser has agreed that they will not submit any fee application to the Court without the prior approval of the NYC Funds.  Moreover, any fee application is, of course, subject to final approval of the Court.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on this 4th day of May, 2018.

Alan H. Kleinman