1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
2  Kevin P.B. Johnson
   Michael T. Lifrak
3  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, CA 94065
4  Telephone: (650) 801-5000
5  kevinjohnson@quinnemanuel.com
   michaellifrak@quinnemanuel.com
6
7  *Counsel for Defendants*
8  [Additional counsel appear on signature page.]
9
10             **UNITED STATES DISTRICT COURT**
               **NORTHERN DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| SUZANNE L. FLANNERY, Individually and on Behalf of All Others Similarly Situated, | Case No. 5:24-cv-01234-PCP |
| Plaintiff, | **CLASS ACTION** |
| v. | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
| SNOWFLAKE INC., et al., | |
| Defendants. | Date:       May 28, 2024<br>Time:       1:00 p.m.<br>Courtroom: 8, 4th Floor<br>Judge:      Hon. P. Casey Pitts |

Pursuant to Federal Rule of Civil Procedure 16, Civil Local Rules 16-9 and 16-10, the Standing Order for All Judges of the Northern District of California, and in advance of the Initial Case Management Conference set by the Court for Tuesday, May 28, 2024, at 1:00 p.m., Plaintiff Suzanne L. Flannery ("Plaintiff") and Defendants Snowflake Inc. ("Snowflake"), Frank Slootman, and Michael P. Scarpelli (collectively, "Defendants," and together with Plaintiff, the "Parties"), have met and conferred and hereby submit this Joint Case Management Statement.

The Parties have respectfully requested that the Court continue the Initial Case Management Conference and related deadlines (ECF Nos. 12, 66) in light of the seven motions to appoint lead plaintiff (ECF Nos. 15, 23, 26, 29, 34, 40, 48, the "Lead Plaintiff Motions") pending but not yet fully briefed.[1]  Neither Plaintiff nor her undersigned counsel have filed a Lead Plaintiff Motion, meaning Plaintiff is unlikely to be Lead Plaintiff in this action.  Once Lead Plaintiff is appointed, Lead Plaintiff will file an amended complaint or designate the initial complaint as the operative complaint, which Defendants intend to move to dismiss.  Under the PSLRA, discovery is stayed pending the resolution of Defendants' anticipated motion to dismiss.  The parties thus respectfully request that the Court continue the Initial Case Management Conference and related deadlines.  ECF Nos. 12, 66.

I.  **JURISDICTION AND SERVICE**

Plaintiff asserts claims arising under Sections 10(b) and 20(a) of the Securities Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder by the United States Securities and Exchange Commission (17 C.F.R. §240.10b-5).  Plaintiff asserts that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act.  There are no issues pending regarding personal jurisdiction. Defendants do not plan to contest venue in this district.  Defendants have accepted service pursuant to the stipulation at ECF No. 12.

---

[1] One movant has since filed a statement of non-opposition.  ECF No. 56.

## II.     FACTS

Plaintiff alleges that Snowflake and certain of its senior executives committed securities fraud and traded in Snowflake stock at artificially inflated prices.  Defendant Frank Slootman was Snowflake's CEO and Chairman of its Board of Directors, and defendant Michael P. Scarpelli was Snowflake's CFO during the Class Period.

The Complaint alleges that throughout the Class Period, Defendants made materially false and misleading statements and omitted material information regarding Snowflake's business, financial results, and prospects.  Specifically, the Complaint alleges that Defendants concealed that: (i) Snowflake had systematically oversold capacity to customers which created the false appearance of demand for Snowflake's products and services; (ii) Snowflake had given significant discounts to customers prior to its IPO which temporarily increased sales but would be unsustainable after the IPO and/or require platform efficiency adjustments, which negatively impacted client consumption and Snowflake's revenue and profit margins; (iii) as a result of the foregoing, Snowflake's customers were bound to roll over a material amount of unused credits (and thus cannibalize future sales) at the end of their contractual terms or altogether refuse to renew their contracts at prior consumption levels or at all.

Plaintiff alleges that the truth began to be revealed to investors on March 2, 2022, when, after market hours, Snowflake reported its financial results for its fourth fiscal quarter ended January 31, 2022, as well as disappointing guidance for fiscal year 2023.  In particular, Plaintiff alleges Snowflake announced that its product revenue growth rate for FY 2023 would be slashed to a range of 65% to 67% from the triple-digit growth that defendants highlighted during the Class Period.  The Complaint alleges that these announcements caused the price of Snowflake's common stock to drop from $264.69 per share on March 2, 2022 to $224.02 per share at market close on March 3, 2022, representing a 15% decline and that Snowflake's stock price continued to drop precipitously by 15% over the next few trading days, closing at just $191.61 on March 8, 2022.  Plaintiff alleges that these declines caused Plaintiff and the Class to suffer financial losses and damages under the federal securities laws. Meanwhile, the Complaint alleges Snowflake

insiders sold over $1.8 billion worth of Snowflake common stock at artificially inflated prices during the Class Period.

Defendants deny these allegations and further deny they made any material misstatement or omission in violation of the Federal Securities laws or that they are liable to Plaintiff or the purported class for such alleged violations.

## III. LEGAL ISSUES

The principal legal issues at this stage of the case include:

- Whether Plaintiff has sufficiently alleged that each Defendant made material misstatements or omissions;
- Whether Plaintiff has alleged sufficient facts to support a compelling inference of scienter required under the PSLRA against each Defendant;
- Whether Plaintiff has adequately alleged loss causation; and
- Whether Plaintiff has adequately alleged that any Defendant qualifies as a control person.

## IV. MOTIONS

### Pending Motions

There are seven Lead Plaintiff Motions pending but not yet fully briefed. ECF Nos. 15, 23, 26, 29, 34, 40, 48. Although Plaintiff asked to be appointed Lead Plaintiff in her prayer for relief in the Complaint, neither Plaintiff nor her undersigned counsel filed a Lead Plaintiff Motion, and Plaintiff acknowledges she has a smaller financial interest in the claims at issue as compared to the Lead Plaintiff movants. Therefore a different Lead Plaintiff is likely to be appointed by the Court upon the completion of briefing for the Lead Plaintiff Motions.

### Anticipated Motions

After a Lead Plaintiff is appointed by the Court, Lead Plaintiff will either file an amended complaint or designate the initial complaint as the operative complaint. After the operative complaint is filed or so designated, Defendants intend to move to dismiss the operative complaint. The Parties have submitted a stipulation and proposed order governing the schedule for Lead

Plaintiff to file or designate an operative complaint and for Defendants to move to dismiss. ECF No. 12. The Court has not yet so-ordered that briefing schedule.

To the extent any claims survive the anticipated motion to dismiss, Lead Plaintiff will likely move to certify a class pursuant to Federal Rule of Civil Procedure 23, and Defendants anticipate opposing any such motion. At this time, the Parties agree that it is premature to determine what other motions, if any, may be filed.

## V.    AMENDMENT OF PLEADINGS

There are seven motions to appoint lead plaintiff ("Lead Plaintiff Motions") pending but not yet fully briefed. ECF Nos. 15, 23, 26, 29, 34, 40, 48. Neither Plaintiff nor her undersigned counsel filed a Lead Plaintiff Motion, and therefore a different Lead Plaintiff will likely be appointed by the Court upon the completion of briefing for the Lead Plaintiff Motions. After a Lead Plaintiff is appointed by the Court, Lead Plaintiff will file an amended complaint or designate the initial complaint as an operative complaint. The Parties have submitted a stipulation and proposed order governing the pleadings schedule. ECF No. 12. The Court has not yet so-ordered that stipulation.

## VI.   EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, are aware of their document preservation obligations, and have taken reasonable and proportionate steps to preserve evidence potentially relevant to the issues in this action.

If this action progresses to discovery, Defendants will meet and confer with Lead Plaintiff regarding a stipulated protocol governing the form of production of ESI and stipulate to a joint proposed ESI order within a reasonable amount of time upon the commencement of fact discovery.

## VII.  DISCLOSURES

Because of the discovery stay automatically imposed by the PSLRA, no initial disclosures have been made pursuant to Fed. R. Civ. P. 26. *See* 15 U.S.C. § 78u-4(b)(3)(B); *Medhekar v. Hockey*, 99 F.3d 325, 328-29 (9th Cir. 1996) (PSLRA discovery stay applies to initial disclosures);

*In re Altera Corp Deriv. Litig.*, 2006 WL 2917578, at *1 (N.D. Cal. Oct. 11, 2006) ("In order to fulfill the purposes underlying the PSLRA, the discovery stay also applies to . . . initial disclosures."). Defendants believe they, along with Lead Plaintiff, should address the timing of initial disclosures (if necessary) after this Court has decided Defendants' anticipated motion to dismiss the forthcoming amended complaint.

**VIII.   DISCOVERY**

Because of the discovery stay automatically imposed by the PSLRA, no discovery has been conducted. *See* 15 U.S.C. §78u-4(b)(3)(B). The parties believe they should address the timing of a discovery plan (if necessary) after this Court has decided Defendants' anticipated motion to dismiss the forthcoming amended complaint.

**IX.   CLASS ACTIONS**

The parties have reviewed the Procedural Guidance for Class Action Settlements.

<u>Plaintiff's Statement</u>:  Plaintiff believes this action is the prototypical case appropriate for class treatment. Plaintiff and the Class suffered a common injury through a fraudulent scheme that injured all purchasers of Snowflake stock during the Class Period. The issues to establish liability (e.g., materiality, falsity, loss causation, and scienter) are common to all class members and can be established through common proof of defendants' actions and intent to act. Damages will be provable on a classwide basis using a common methodology.

<u>Defendants' Statement</u>:  Defendants do not believe that this action is suitable for class treatment and will oppose any motion for class certification and/or move to deny class certification because Lead Plaintiff cannot satisfy the requirements of Rule 23. If necessary after this Court issues its order on Defendants' forthcoming motion to dismiss, Defendants agree to meet and confer with Lead Plaintiff within a reasonable time to consider whether the Action can be maintained as a class action and agree to briefing schedule on Lead Plaintiff's anticipated motion for class certification.

**X.     RELATED CASES**

The Parties understand that the recently filed action captioned *Tuerpe v. Slootman, et al.*, No. 3:24-cv-02502-LB (N.D. Cal.) concerns substantially the same parties, property, transaction, or event and thus is likely related pursuant to Local Rule 3-12.

**XI.    RELIEF**

<u>Plaintiff's Statement</u>: Plaintiff seeks on behalf of herself and the class: (i) compensatory damages against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon; (ii) reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and (iii) such equitable/injunctive or other relief as the Court may deem just and proper, including permitting any putative Class members to exclude themselves by requesting exclusion through noticed procedures.

<u>Defendants' Statement</u>:  Defendants deny that Plaintiff is entitled to relief.  Defendants intend to seek their attorneys' fees, costs, and expenses associated with this action, to the fullest extent permitted by law.

**XII.   SETTLEMENT AND ADR**

No settlement discussions have taken place, and the Parties do not believe that ADR is appropriate at this time.

**XIII.  OTHER REFERENCES**

At this time, the parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.  It is premature to know whether referral to a special master is appropriate, but the parties reserve the right to request any such referral under appropriate circumstances.

**XV.    NARROWING OF ISSUES**

Once a Lead Plaintiff is appointed, Defendants will consider with that Lead Plaintiff issues that can be narrowed by agreement or by motion, as well as potential means to expedite the presentation of evidence at trial.

## XVI. EXPEDITED TRIAL PROCEDURE

The Parties agree that this case is not suitable for handling under the Expedited Trial Procedure of General Order No. 64.

## XVII. SCHEDULING

The PSLRA imposes an automatic stay of discovery and other proceedings until any anticipated motion to dismiss is resolved. *See* 15 U.S.C. §78u-4(b)(3)(B). Once a Lead Plaintiff is appointed, Lead Plaintiff will then file an amended complaint or designate the initial complaint as the operative complaint, which Defendants intend to move to dismiss. The Parties thus agree that any proposed case schedule is premature. Defendants agree to meet and confer with Lead Plaintiff and submit a joint proposed schedule governing the case (if necessary) within a reasonable time after this Court's decision on Defendants' anticipated motion to dismiss.

## XVIII. TRIAL

Plaintiff has requested a jury trial. The Parties believe that it is premature to discuss the expected length of trial.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff filed her Certificate of Interested Entities (ECF No. 2) and Snowflake filed its Certificate of Interested Entities (ECF No. 75).

## XX. PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER ISSUES

The Parties respectfully request that the Court so-order the Parties' stipulations continuing the Case Management Conference and establishing a schedule for the filing of an amended complaint after the appointment of Lead Plaintiff and the subsequent motion to dismiss briefing schedule. ECF Nos. 12, 66. The Parties do not believe there are any other matters requiring the Court's attention at this time.

| | | |
|---|---|---|
| 1 | DATED: May 14, 2024 | Respectfully submitted, |
| 2 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 4 | | By: */s/ Kevin P.B. Johnson* |
| 5 | | Kevin P.B. Johnson |
| | | Michael T. Lifrak |
| 6 | | 555 Twin Dolphin Drive, 5th Floor |
| 7 | | Redwood Shores, CA 94065 |
| | | Telephone: (650) 801-5000 |
| 8 | | kevinjohnson@quinnemanuel.com |
| | | michaellifrak@quinnemanuel.com |
| 9 | | |
| 10 | | Jesse Bernstein (*pro hac vice*) |
| | | Leigha Empson (*pro hac vice*) |
| 11 | | 51 Madison Avenue, 22nd Floor |
| | | New York, NY 10010 |
| 12 | | Telephone: (212) 849-7000 |
| | | jessebernstein@quinnemanuel.com |
| 13 | | leighaempson@quinnemanuel.com |
| 14 | | |
| | | *Counsel for Defendants Snowflake Inc.,* |
| 15 | | *Frank Slootman, and Michael P. Scarpelli* |
| 16 | DATED: May 14, 2024 | ROBBINS GELLER RUDMAN & DOWD LLP |
| 17 | | |
| 18 | | By: */s/ Brian E. Cochran* |
| 19 | | Shawn A. Willliams |
| | | Post Montgomery Center |
| 20 | | One Montgomery Street, Suite 1800 |
| | | San Francisco, CA 94104 |
| 21 | | Telephone: 415/288-4545 |
| 22 | | 415/288-4534 (fax) |
| | | shawnw@rgrdlaw.com |
| 23 | | |
| 24 | | Brian E. Cochran |
| | | ROBBINS GELLER RUDMAN & DOWD LLP |
| 25 | | 655 West Broadway, Suite 1900 |
| 26 | | San Diego, CA 92101-8498 |
| | | Telephone: 619/231-1058 |
| 27 | | 619/231-7423 (fax) |
| | | bcochran@rgrdlaw.com |
| 28 | | |

|   |   |
|---|---|
| 1 | Samuel H. Rudman |
| 2 | Vicki Multer Diamond |
|   | ROBBINS GELLER RUDMAN |
| 3 | &amp; DOWD LLP |
|   | 58 South Service Road, Suite 200 |
| 4 | Melville, NY  11747 |
|   | Telephone:  631/367-7100 |
| 5 | 631/367-1173 (fax) |
|   | srudman@rgrdlaw.com |
| 6 | vdiamond@rgrdlaw.com |

Gregory E. Del Gaizo
ROBBINS LLP
5060 Shoreham Place, Suite 300
San Diego, CA  92122
Telephone:  619/525-3990
619/525-3991 (fax)
ggaizo@robbinsllp.com

*Counsel for Plaintiff Suzanne L. Flannery*

**Attestation Pursuant to Civil Local Rule 5-1(h)(3)**

Pursuant to Local Rule 5-1(h)(3), I hereby attest that all other signatories listed, and on whose behalf this filing is jointly submitted, concur in this filing's content and have authorized me to file this document.

Dated:  May 14, 2024                     QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:     /s/ Kevin P.B. Johnson
            Kevin P.B. Johnson

*Counsel for Defendants Snowflake Inc., Frank Slootman, and Michael P. Scarpelli*

**CASE MANAGEMENT ORDER**

**The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.  IT IS SO ORDERED.**

Dated: _____, 2024

_____
**HON. P. CASEY PITTS
UNITED STATES DISTRICT JUDGE**