M. Elizabeth Graham (Cal. Bar Id. 143085)
**GRANT & EISENHOFER P.A.**
2325 Third Street, Suite 329
San Francisco, CA 94107
Tel.: (415) 229-9720
Fax: (415) 789-4367
Email: egraham@gelaw.com

Daniel L. Berger (*pro hac vice*)
Caitlin M. Moyna (*pro hac vice*)
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: dberger@gelaw.com
Email: cmoyna@gelaw.com

*Counsel for the NYC Funds and Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

SUZANNE L. FLANNERY, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

SNOWFLAKE INC., FRANK SLOOTMAN, and MICHAEL P. SCARPELLI,

Defendants.

5:24-cv-01234-PCP

CLASS ACTION

**MEMORANDUM OF POINTS AND AUTHORITIES (i) IN FURTHER SUPPORT OF THE NYC FUNDS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND (ii) IN REPLY TO THE OPPOSITION OF NYSCRF**

Date: June 6, 2024
Time: 10:00 AM
Courtroom: 8, 4th Floor
Judge: Hon. P. Casey Pitts

Memorandum of Points and Authorities (i) in Further Support of the NYC Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and (ii) in Reply to the Opposition of NYSCRF – 5:24-cv-01234-PCP

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..... ii

I. PRELIMINARY STATEMENT ..... 1

II. STATEMENT OF ISSUES IN REPLY ..... 2

III. STATEMENT OF RELEVANT FACTS ..... 2

A. PROCEDURAL STATUS ..... 2

B. THE NYC FUNDS ..... 2

1. The Organization of the NYC Funds ..... 2

2. All the NYC Funds Are Closely Related ..... 3

3. The NYC Funds Has a Successful Track Record of Working Cohesively and Achieving Excellent Results for the Classes It Represented ..... 4

IV. ARGUMENT ..... 4

A. THE NYC FUNDS IS A "GROUP OF PERSONS" UNDER THE PSLRA ..... 4

1. The NYC Funds Is a Cohesive Group, Not One "Cobbled Together" by Lawyers ..... 5

2. Courts Across the Country Have Appointed the NYC Funds as Lead Plaintiff ..... 6

3. No Court Has Ever Held that the NYC Funds Is an Impermissible Group ..... 8

B. NYSCRF ITSELF HAS RECOGNIZED THAT THE NYC FUNDS IS A PROPER GROUP ..... 9

C. NYSCRF HAS NOT COME FORWARD WITH ANY EVIDENCE THAT THE NYC FUNDS IS AN INADEQUATE GROUP ..... 11

D. THE CASES CITED BY NYSCRF ARE INAPPOSITE ..... 13

V. CONCLUSION ..... 15

i

Memorandum of Points and Authorities (i) in Further Support of the NYC Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and (ii) in Opposition to Competing Motion for Lead Plaintiff and Approval of Lead Counsel – 5:24-cv-01234-PCP

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Apple v. LJ Int'l Inc.*,
No. CV076076GAFJWJX, 2008 WL 11343371 (C.D. Cal. Feb. 8, 2008) ......................5, 14

*Aronson v. McKesson HBOC, Inc.*,
79 F. Supp. 2d 1146 (N.D. Cal. 1999) ..........................................................1, 5, 9, 14

*In re AT&T Sec. Litig.*,
No. 2:23-cv-4064 (D.N.J. Apr. 16, 2024) ..................................................................6

*Ben v. Frontier Fin. Corp.*,
No. 10-0696-JCC, 2010 WL 11684329 (W.D. Wash. Aug. 3, 2010)..................................14

*In re BP, PLC Sec. Litig.*,
758 F. Supp. 2d 428 (S.D. Tex. 2010) ..........................................................................10

*Bristow v. Sunpower Corp.*,
No. 16-CV-04710-RS, 2016 WL 11741569 (N.D. Cal. Dec. 9, 2016)................................14

*Burns v. UP Fintech Holding Ltd.*,
No. CV 23-4842-CBM-BFMX, 2024 WL 387261 (C.D. Cal. Jan. 30, 2024)......................14

*Doherty v. Pivotal Software, Inc.*,
No. 3:19-CV-03589-CRB, 2019 WL 5864581 (N.D. Cal. Nov. 8, 2019) ...........................11

*In re Cendant Corp. Litig.*,
182 F.R.D. 144 (D.N.J. 1998)...........................................................................1, 2, 7, 9

*Choi v. Coupang, Inc.*,
No. 22-CV-7309 (VSB), 2023 WL 2585979 (S.D.N.Y. Mar. 21, 2023)...............................7

*In re Countrywide Fin. Corp. Sec. Litig.*,
273 F.R.D. 586 (C.D. Cal. 2009) ...............................................................2, 6, 10, 11

*Crews, Jr. v. Rivian Auto., Inc.*,
No. 2:22-cv-01524 (C.D. Cal. 2022) ...........................................................................8

*Eichenholtz v. Verifone Holdings, Inc.*,
No. C07-06140MHP, 2008 WL 3925289 (N.D. Cal. Aug. 22, 2008) ..................................5

*In re Diamond Foods, Inc., Sec. Litig.*,
281 F.R.D. 405 (N.D. Cal. 2012)..............................................................................11

*Fialkov v. Celladon Corp.*,
No. 15CV1458 AJB (DHB), 2015 WL 11658717 (S.D. Cal. Dec. 9, 2015)........................14

ii

Memorandum of Points and Authorities (i) in Further Support of the NYC Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and (ii) in Opposition to Competing Motion for Lead Plaintiff and Approval of Lead Counsel – 5:24-cv-01234-PCP

*Garber v. Juniper Networks*, No. C06-04327 JW, 2006 WL 3365547 (N.D. Cal. Nov. 20, 2006) ....................1, 6

*Hedick v. Kraft Heinz Co.*, No. 19-CV-1339, 2019 WL 4958238 (N.D. Ill. Oct. 8, 2019) ....................3, 8

*Jahm v. Bankrate, Inc.*, No. 14-CV-81323, 2015 WL 13650037 (S.D. Fla. Jan. 16, 2015) ....................8

*In re Juniper Networks, Inc. Sec. Litig.*, No. 5:06-cv-04327 (N.D. Cal.) ....................4

*KBC Asset Mgmt. NV v. Discover Fin.*, No. 1:23-cv-06788 (N.D. Ill Nov. 30, 2023) ....................6

*Koffsmon v. Green Dot Corp.*, No. CV 19-10701 DDP (EX), 2021 WL 3473975 (C.D. Cal. Aug. 6, 2021) ....................13

*Koffsmon v. Green Dot Corp.*, No. CV 19-10701 DDP (EX), 2022 WL 170636 (C.D. Cal. Jan. 19, 2022) ....................13

*Kusen v. Herbert*, No. 23-CV-02940-AMO, 2023 WL 8171736 (N.D. Cal. Nov. 24, 2023) ....................11

*Leventhal v. Chegg, Inc.*, No. 5:21-CV-09953-EJD, 2022 WL 4099454 (N.D. Cal. Sept. 7, 2022) ....................11

*Lipetz v. Wachovia Corp.*, No. 08 CIV.6171 RJS, 2008 WL 4615895 (S.D.N.Y. Oct. 10, 2008) ....................7

*In re McKesson HBOC, Inc., Sec. Litig.*, 97 F. Supp. 2d 993 (N.D. Cal. 1999) ....................8

*In re Mersho*, 6 F.4th 891 (9th Cir. 2021) ....................12

*Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.*, No. 3:11-CV-0433, 2011 WL 6202585 (M.D. Tenn. Nov. 28, 2011) ....................7

*Schriver v. Impac Mortg. Holdings*, No. SACV 06-31, 2006 WL 6886020 (C.D. Cal. May 2, 2006) ....................14

*Sjunde AP-Fonden et al. v. Gen. Elec. Co., et al.*, No. 1:17-cv-8457 (S.D.N.Y. 2018) ....................8

*Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246 (E.D. Va. 1999) ....................7

*In re Take Two Interactive Sec. Litig.*, No. 06 CIV. 1131 (RJS), 2010 WL 11613684 (S.D.N.Y. 2010) ....................7

iii

Memorandum of Points and Authorities (i) in Further Support of the NYC Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and (ii) in Opposition to Competing Motion for Lead Plaintiff and Approval of Lead Counsel – 5:24-cv-01234-PCP

*Thant v. Rain Oncology Inc.*,
No. 5:23-CV-03518-EJD, 2023 WL 7195802 (N.D. Cal. Nov. 1, 2023) ..............................4

*Washtenaw Cnty. Emp. Ret. Sys. v. Dollar Gen. Corp.*,
No. 3:23-CV-01250, 2024 WL 1468982 (M.D. Tenn. Apr. 4, 2024)....................................8

*Weston v. DocuSign, Inc.*,
No. 22-CV-00824-WHO, 2022 WL 1301770 (N.D. Cal. Apr. 18, 2022) ............................11

**Statutes**

15 U.S.C. § 78u-4 ..........................................................................................................2, 11

**Other Authorities**

Fed. R. Civ. P. 23..........................................................................................................12

NYC Admin. Code §§ 13-235 and 13-702 ......................................................................3

NYC Charter ...................................................................................................................4

iv

Memorandum of Points and Authorities (i) in Further Support of the NYC Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and (ii) in Opposition to Competing Motion for Lead Plaintiff and Approval of Lead Counsel – 5:24-cv-01234-PCP

## MEMORANDUM OF POINTS AND AUTHORITIES

The NYC Funds respectfully submits this memorandum of law in further support of its motion for appointment as Lead Plaintiff and approval of Lead Counsel and in reply to the opposition submitted by NYSCRF.

## I. PRELIMINARY STATEMENT

Congress enacted the Private Securities Litigation Reform Act (the "PSLRA") in 1995. Less than three years later, the NYC Funds was appointed as co-Lead Plaintiff along with the California Public Employees' Retirement System ("CalPERS"), **and NYSCRF**. The same NYSCRF that now opposes the appointment of the NYC Funds here worked without issue with the NYC Funds – there, a group of five funds. *In re Cendant Corp. Litig.*, 182 F.R.D. 144, 147 (D.N.J. 1998) (noting the group's combined losses and finding that it had the highest financial interest and was entitled to presumptive lead plaintiff status).

In the 25 years since, the NYC Funds has been appointed as lead plaintiff in at least ten securities class actions, including two in this district, and moved for lead plaintiff in at least eight others. No court has ever found that the NYC Funds is an impermissible group. To the contrary, this Court has recognized that the NYC Funds is "essentially **one person** for purposes of the Reform Act, because they are all under the jurisdiction of [the] New York City Comptroller's Office, and are represented in their dealings with private counsel through one 'in-house' counsel, the Corporation Counsel of the City of New York." *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1157 & n.11 (N.D. Cal. 1999) (emphasis added). And in *Juniper*, this Court, without hesitation, appointed 9 of the 11 NYC Funds moving here as lead plaintiff. *See Garber v. Juniper Networks*, No. 5:06-cv-04327 (N.D. Cal. Sept. 15, 2006), ECF No. 10, *see* Berger Decl. Ex. A at 1 (NYCERS, TRS, Fire, Police, BOE, PSOVSF, POVSF, FOVSF, and FFVSF moving for lead plaintiff); *Garber v. Juniper Networks*, No. C06-04327 JW, 2006 WL 3365547 (N.D. Cal. Nov. 20, 2006) (appointing the NYC Funds as lead plaintiff).

NYSCRF's argument contradicts positions it has taken in prior actions. In fact, NYSCRF has moved for (and served as) lead plaintiff with the NYC Funds multiple times. *See In re*

*Cendant Corp. Litig.*, 182 F.R.D. at 147; *In re Countrywide Fin. Corp. Sec. Litig.*, 273 F.R.D. 586, 590 (C.D. Cal. 2009).  It has never raised any of the "problems" it speculates about in its Opposition Brief (ECF No. 73) ("NYSCRF Opp. Br."), and it has never once objected to the NYC Funds as an "impermissibly large group" or an "unwieldy amalgamation[]", as it does now.  NYSCRF Opp Br. at 1.

Since the NYC Funds is a permissible group, and since it unquestionably has the "largest financial interest" in this litigation with losses of over $39.5 million and the largest of the other "Lax/Olsten" factors, *see* Memorandum of Points and Authorities (i) in Further Support of the NYC Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and (ii) in Opposition to Competing Motions for Lead Plaintiff and Approval of Lead Counsel (ECF No. 71) at 4, it is entitled to the PSLRA presumption that it is the most adequate Lead Plaintiff.  NYSCRF offers only speculation to rebut that presumption rather than "evidence" and "proof," as required by the PSLRA.  Thus, the NYC Funds should be appointed Lead Plaintiff.

## II.   STATEMENT OF ISSUES IN REPLY

1.   Whether the NYC Funds is a "person or group of persons" within the meaning of 15 U.S.C. § 78u-4(a)(3)(B)(i) and caselaw thereunder.

## III.   STATEMENT OF RELEVANT FACTS

### A.   PROCEDURAL STATUS

The NYC Funds filed its motion for appointment as Lead Plaintiff on April 29, 2024 (ECF No. 15), as did six other movants. ECF Nos. 23, 26, 29, 34, 40, & 48.  Two have withdrawn (ECF Nos. 70 & 80), and two have filed notices of non-opposition (ECF Nos. 56 & 69).  The only movant that has opposed the motion is NYSCRF.  *See* ECF No. 71 at 3-4.

### B.   THE NYC FUNDS

#### 1.   The Organization of the NYC Funds

The NYC Funds is one of the five largest public pension systems in the United States.  *See* Declaration of Daniel R. Whitman in Further Support of the Motion of the NYC Funds for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Whitman Decl."), ¶ 3, submitted

2

Memorandum of Points and Authorities (i) in Further Support of the NYC Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and (ii) in Opposition to Competing Motion for Lead Plaintiff and Approval of Lead Counsel – 5:24-cv-01234-PCP

herewith. The NYC Funds, as that designation has been used in this and numerous other actions, encompasses five related public-employee pension systems: Teachers' Retirement System of the City of New York ("TRS"); New York City Employees' Retirement System ("NYCERS"); New York City Police Pension Fund ("Police"); Board of Education Retirement System of the City of New York ("BOE"); and New York City Fire Department Pension Fund ("Fire"). Thus, contrary to NYSCRF's assertion, the NYC Funds are not "11" separate, unrelated entities. Rather, they are the five pension retirement systems, and six programs or supplemental funds which fall under the umbrella of the five overarching systems. *See id.* at ¶¶ 3, 6-10. These are certain investment programs and supplemental benefit funds of TRS, Police, and Fire – namely, TRS Var. A (TRS); PSOVSF and POVSF (Police); and FFVSF, FOVSF and FDLIF (Fire). As did their respective "parents," each one incurred losses stemming from purchases of Snowflake common stock.

The NYC Funds have five primary boards – one for each of the pension retirement systems. The NYC Comptroller sits on the Board of Trustees for every NYC Fund. The programs and supplemental funds of the five primary pension systems – i.e., TRS Var. A, POVSF, PSOVSF, FFVSF, FOVSF, and FDLIF – are governed by trustees who serve on the five primary boards.

**2. All the NYC Funds Are Closely Related**

The NYC Funds all operate under the auspices of the NYC Comptroller, which is the Chief Financial Officer of NYC. Whitman Decl. at ¶¶ 11-12. As permitted by the NYC Administrative Code, the Boards have delegated their funds' investment authority to the Comptroller. *Id.* at ¶ 12. *See, e.g.*, § 13-235 (Police). The NYC Comptroller is the statutory fund custodian for all entities that fall under the umbrella of the NYC Funds. Whitman Decl. at ¶ 11. Specifically, the Comptroller's Bureau of Asset Management oversees the investment portfolio for each system. *Id.* at ¶ 12. In this role, the Comptroller provides investment advice, implements board decisions, and reports on investment performance on behalf of each of the City's five pension funds. *Id.*

Similarly, the NYC Funds are all represented by the Law Department of the City of New York (the "Law Department"). *See id.* at ¶¶ 2, 16. Further, under the NYC Charter, the attorney for all the NYC Funds is the Corporation Counsel of the City of New York, who is head of the Law Department. *Id.* at ¶ 17. The Charter provides for the Law Department and the attorneys thereof to act as counsel for the NYC Funds in litigation and to provide advice to the NYC Funds' boards. *Id.* The NYC Charter further assigns the Law Department the right to institute litigation or court proceedings. To that end, the Law Department is responsible for developing a unified strategy for securities litigation on behalf of the NYC Funds. *Id.* at ¶ 18. The Law Department's strategy underscores that these Funds, for the purposes of this litigation, are unified in a manner that enables them to effectively serve as Lead Plaintiff.

#### 3. The NYC Funds Has a Successful Track Record of Working Cohesively and Achieving Excellent Results for the Classes It Represented

The NYC Funds has a history of working cohesively to achieve outstanding results for aggrieved investors, and courts around the country do not hesitate to appoint them as lead plaintiff. *See In re Juniper Networks, Inc. Sec. Litig.*, No. 5:06-cv-04327 (N.D. Cal.) ($169.5 million); *In re Wachovia Equity Sec. Litig.*, No. 1:08-cv-06171 (S.D.N.Y.) ($75 million); *Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys.*, No. 3:11-cv-00433 (M.D. Tenn.) ($53 million). This includes cases where the NYC Funds served as lead plaintiff **with** NSYCRF. *See In re Countrywide Fin. Corp. Sec. Litig.*, No. 07-cv-5295 (C.D. Cal.) ($625 million settlement); *In re Wynn Resorts, LTD. Derivative Litig.*, Case No. A-18-770013-B, District Court, Clark County, Nevada (reaching a $41 million settlement, the largest settlement in Nevada derivative litigation).

## IV. ARGUMENT

### A. THE NYC FUNDS IS A "GROUP OF PERSONS" UNDER THE PSLRA

The PSLRA creates a rebuttable presumption that the "person or group of persons" with the largest financial interest in the litigation is the "most adequate plaintiff." *Thant v. Rain Oncology Inc.*, No. 5:23-CV-03518-EJD, 2023 WL 7195802, at *2 (N.D. Cal. Nov. 1, 2023).

Thus, the language of the statute **mandates** that even a group of related entities with the largest financial interest be afforded the presumption of lead plaintiff. The only exception is when courts are presented with "artificial groups," cobbled together by lawyers for the purposes of aggregating losses. For example, in *In re Network Associates Inc. Securities Litig.*, the Court held that a "'group' of unrelated investors with no decision making structure and no connection other than counsel" could not qualify as a candidate for lead plaintiff. 76 F. Supp. 2d 1017, 1018 (N.D. Cal. 1999); *see also Eichenholtz v. Verifone Holdings*, *Inc.*, No. C07-06140MHP, 2008 WL 3925289, at *8 (N.D. Cal. Aug. 22, 2008) (stating that "ignoring the basis of the group formation and appointing a group of unrelated investors undercuts the primary purpose of the PSLRA: to eliminate lawyer-driven litigation."). In *Aronson v. McKesson HBOC, Inc.*, the court succinctly identified as permissible a group which had a "meaningful relationship preceding the litigation" that was "united by more than the mere happenstance of having bought the same securities." 79 F. Supp. 2d 1146, 1153 (N.D. Cal. 1999). The *McKesson* court noted that one such group could be members of a "**family**" (*id*. at 1154) (emphasis added) – the exact term used by NYSCRF to describe the NYC Funds. NYSCRF Opp. Br. at 12.

**1. The NYC Funds Is a Cohesive Group, Not One "Cobbled Together" by Lawyers**

The NYC Funds is not a group of unrelated entities cobbled together to create an entity with large losses. Instead, the NYC Funds has "a meaningful relationship preceding th[is] litigation" and is "united by more than the mere happenstance of having bought the same securities." *Apple v. LJ Int'l Inc.*, No. CV076076GAFJWJX, 2008 WL 11343371, at *3 (C.D. Cal. Feb. 8, 2008) (citing *McKesson*, 79 F. Supp. 2d at 1153-54); *see* Whitman Decl. ¶¶ 4-15.

While NYSCRF attempts to paint the NYC Funds as "eleven independent entities," that simply is not the case. As explained *supra*, the NYC Funds all operate under the NYC Comptroller, and share a single legal department charged with creating a "unified litigation strategy" for the NYC Funds. Whitman Decl. ¶¶ 11 & 18. Even NYSCRF recognizes these facts, and does not seriously argue otherwise, offering only the meek statement that these facts

5

Memorandum of Points and Authorities (i) in Further Support of the NYC Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and (ii) in Opposition to Competing Motion for Lead Plaintiff and Approval of Lead Counsel – 5:24-cv-01234-PCP

are "beside the point." NYSCRF Opp. Br. at 11. And even NYSCRF does not state that the NYC Funds is a group of unrelated entities cobbled together by lawyers or make any other suggestion of "lawyer driven" litigation because it knows – in part from its own personal experience of serving as lead plaintiff with the NYC Funds – that this is simply not the case. There are no non-NYC pension entities that are a part of the group and these Funds have acted as lead plaintiff many times without any issue of manageability or otherwise, as further discussed *infra*.[1]

**2. Courts Across the Country Have Appointed the NYC Funds as Lead Plaintiff**

Since the passage of the PSLRA, federal courts in multiple jurisdictions have appointed the NYC Funds as Lead Plaintiff, including in cases where the NYC Funds moved with more than the five principal funds. Courts in this district have appointed the NYC Funds as Lead Plaintiff without any concern over how many separate entities were part of the group. *See In re Countrywide Fin. Corp. Sec. Litig.*, 273 F.R.D. 586, 590 (C.D. Cal. 2009) (NYC Funds (5) – NYCERS, Police, Fire, BOE and TRS – serving as lead plaintiff, along with NYSCRF); *Garber v. Juniper Networks*, No. C06-04327 JW (N.D. Cal. Sept. 15, 2006), ECF No. 10, *see* Berger Decl. Ex. A at 1 (NYCERS, TRS, Fire, Police, BOE, PSOVSF, POVSF, FOVSF, and FFVSF (9) moving for lead plaintiff); *Juniper*, 2006 WL 3365547, at *2 (appointing the NYC Funds as lead plaintiff).

Similar decisions have been reached throughout the country. *See In re AT&T Sec. Litig.*, No. 2:23-cv-4064 (D.N.J. Apr. 16, 2024), ECF No. 49 (appointing the NYC Funds (5) – TRS, NYCERS, Police, Fire and BOE), Berger Decl. Ex. B at 1; *KBC Asset Mgmt. NV v. Discover Fin.*, No. 1:23-cv-06788 (N.D. Ill Nov. 30, 2023), ECF No. 61 (appointing the NYC Funds (4)

---

[1] All of the cases cited by NYSCRF claiming that there is a "no more than five" rule is in reference to groups of *unrelated* movants and are therefore irrelevant. NYSCRF Opp. Br. at 8-10. And the five underlying funds that comport with the "no more than five" rule advanced by NYSCRF, to the extent such a hard and fast rule is even determined to exist. *Id*.

6

Memorandum of Points and Authorities (i) in Further Support of the NYC Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and (ii) in Opposition to Competing Motion for Lead Plaintiff and Approval of Lead Counsel – 5:24-cv-01234-PCP

– NYCERS, Fire, Police and TRS), Berger Decl. Ex. C; *Choi v. Coupang, Inc.*, No. 22-CV-7309 (VSB), 2023 WL 2585979, at *4-6 (S.D.N.Y. Mar. 21, 2023) (appointing the NYC Funds (6) – TRS, NYCERS, Police, Fire, BOE, and the New York City Deferred Compensation Plan); *Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.*, No. 3:11-CV-0433, 2011 WL 6202585, at *7 (M.D. Tenn. Nov. 28, 2011), *report and recommendation adopted*, 2012 WL 12485 (M.D. Tenn. Jan. 3, 2012) (appointing the NYC Funds (5) – NYCERS, TRS, TRS Var. A, Police, and Fire and finding that "there is no evidence that NYC will not fairly and adequately protect the interests of the class, nor is there any evidence to show that NYC is subject to unique defenses that render it incapable of adequately representing the Class, so the presumption has not been rebutted"); *Lipetz v. Wachovia Corp.*, No. 08 CIV.6171 RJS, 2008 WL 4615895, at *1 (S.D.N.Y. Oct. 10, 2008) (appointing the NYC Funds (10) – NYCERS, BOE, Police, POVSF, PSOVSF, Fire, FFVSF, FOVSF, TRS, TRS Var. A); *In re Take Two Interactive Sec. Litig.*, No. 06 CIV. 1131 (RJS), 2010 WL 11613684, at *2 (S.D.N.Y. 2010) (appointing the NYC Funds (3) – NYCERS, Police and Fire); *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 251 (E.D. Va. 1999) (appointing the NYC Funds (5) – NYCERS, Fire, BOE, PSOVSF, and FFVSF and finding that the NYC Funds "appears best capable of providing adequate representation, having made a preliminary showing (1) that its five members have established mechanisms for making sound collective decisions together; and (2) that the New York City Office of Corporation Counsel can monitor its actions and those of its proposed Lead Counsel."); *In re Cendant*, 182 F.R.D. at 147-49 (appointing the New York City Pension Funds as lead plaintiff, along with CalPERS and NYSCRF).

In none of these cases did the court hesitate to appoint the NYC Funds because it represented an impermissible group, an unmanageable group, an oversized group, or a lawyer-driven group.

7

Memorandum of Points and Authorities (i) in Further Support of the NYC Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and (ii) in Opposition to Competing Motion for Lead Plaintiff and Approval of Lead Counsel – 5:24-cv-01234-PCP

**3. No Court Has Ever Held that the NYC Funds Is an Impermissible Group**

The NYC Funds has moved to serve as lead plaintiff in at least 8 other actions, but was not appointed. But even in those actions, neither its status as a PSLRA "group" nor any of NYSCRF's manufactured challenges factored into the appointment of another lead plaintiff movant.

In the bulk of those cases, the NYC Funds simply had lower losses than other movants. The structure of the NYC Funds was not an issue, nor was efficiency or manageability. *See Washtenaw Cnty. Employees' Ret. Sys. v. Dollar Gen. Corp.*, No. 3:23-CV-01250, 2024 WL 1468982, at *2-3 (M.D. Tenn. Apr. 4, 2024) (appointing group of "distinct private entities" where the NYC Funds had lower losses); *Crews, Jr. v. Rivian Auto., Inc., et al*, No. 2:22-cv-01524 (C.D. Cal. May 11, 2022), ECF No. 72 (NYC Funds recognizing that they did not have the largest financial interest and withdrawing), *see* Berger Decl. Ex. D; *Hedick v. Kraft Heinz Co.*, No. 19-CV-1339, 2019 WL 4958238, at *4-7 (N.D. Ill. Oct. 8, 2019) (appointing other groups where NYC Funds had unique issues arising from acquisition of shares through a merger); *Sjunde AP-Fonden et al. v. Gen. Elec. Co., et al.*, No. 1:17-cv-8457 (S.D.N.Y. June 5, 2018), ECF No. 140 at 2 (noting that the NYC Funds had lower losses than other movants), *see* Berger Decl. Ex. E at 4; *In re Am. Realty Cap. Litig.*, No. 1:14-cv-8659 (S.D.N.Y. Feb. 10, 2015), ECF No. 106 at 8 (same), *see* Berger Decl. Ex. F at 8; *Jahm v. Bankrate, Inc.*, No. 14-CV-81323, 2015 WL 13650037, at *2-3 (S.D. Fla. Jan. 16, 2015); *In re McKesson HBOC, Inc., Sec. Litig.*, 97 F. Supp. 2d 993, 997-1000 (N.D. Cal. 1999) (choosing NYSCRF over NYC Funds based on calculated losses). NYSCRF itself recognizes that in the two cases where the components of the NYC Funds were identical to those here, the lead plaintiff was chosen based upon recognized losses. *See* NYSCRF Opp. at 10 (citing *Rivian Auto*, No. 2:22-cv-01524 (C.D. Cal. May 6, 2022) and *Hedick v. Kraft Heinz Co., et al.*, No. 1:19-cv-01339 (N.D. Ill. Apr. 25, 2019)). Notably, the courts never took issue with the NYC Funds' status as a group.

8

Memorandum of Points and Authorities (i) in Further Support of the NYC Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and (ii) in Opposition to Competing Motion for Lead Plaintiff and Approval of Lead Counsel – 5:24-cv-01234-PCP

In addition, the NYC Funds' status as a cohesive group for purpose of acting as lead plaintiff was recently confirmed by the Court of Chancery of the State of Delaware. While not an action under the PSLRA, that derivative action is being led by the NYC Funds and Oregon State, who moved jointly to be appointed as lead plaintiff. *See In re Fox Corp. Deriv. Litig.*, Consol. C.A. No. 2023-0418-JTL (Del. Ch. 2023). Although decided under a different standard, the Vice Chancellor Laster noted that one movant was "comprised of five funds overseen by the New York City Comptroller: the New York City Employees' Retirement System, the New York City Board of Education Retirement System, the New York City Fire Department Pension Fund, the New York City Police Pension Fund, and the New York City Teachers' Retirement System (collectively, the 'NYC Funds')." *Id*. at 5. The Court then found persuasive that "[t]he NYC Funds fall under the purview of the New York City Comptroller, who is the chief financial officer of New York City. The Comptroller and his department have obvious financial expertise. The Comptroller's Office also includes a Corporate Governance and Responsible Investment Group with expertise in corporate governance. Two attorneys in the Affirmative Litigation Division of the Law Department of the City of New York supervise the lawsuits that the NYC Funds bring." *Id*. at 22. The NYC Funds will bring to this case the same cohesiveness and experience that the Court of Chancery found compelling.

### B. NYSCRF ITSELF HAS RECOGNIZED THAT THE NYC FUNDS IS A PROPER GROUP

NYSCRF has never before taken the position that the NYC Funds is not an adequate lead plaintiff. As noted *supra*, NYSCRF, the NYC Funds and CalPERS voluntarily acted together as co-lead plaintiffs in *In re Cendant*, 182 F.R.D. at 147. NYSCRF did not assert any of the challenges it suddenly foresees here and worked not only with the NYC Funds, but also with CalPERS, in this significant securities fraud litigation. Similarly, in *McKesson*, the court narrowed the Lead Plaintiff field to NYSCRF and the NYC Funds – which encompassed eight entities – ultimately choosing NYSCRF because it had greater losses. *McKesson*, 97 F. Supp. 2d at 1000. Neither the court nor NYSCRF raised any issue regarding the ability of the NYC

Funds to act as lead plaintiff there. To the contrary, the court recognized the NYC Funds as "essentially one person for purposes of the Reform Act" because of the common control and representation of all the funds as has been detailed herein. *Id.* at 1157 & n.11. And in *Countrywide*, where Judge Pfaelzer appointed a lead plaintiff group consisting of NYSCRF and the New York City Pension Funds (which Judge Pfaelzer deemed to be a "group of related funds"), NYSCRF had no issue regarding the status of the NYC Funds as a group. *See In re Countrywide*, 273 F.R.D. at 590. In its class certification decision, the *Countrywide* Court noted the appropriateness of treating New York City **and** New York State funds as one lead plaintiff: "[T]here is one lead plaintiff under the [PSLRA]: an individual, an institution or a properly-constituted group." *Id*. at 590 n.5. The *Countrywide* Court further stated: "The lead plaintiff in this case is a group constituted of these New York entities. These New York entities had relationships prior to litigation and are a self-constituted group, not one artificially created by the Court." *Id.* If the NYC Funds and NYSCRF together form a permissibly cohesive group, surely the NYC Funds do alone.

Further, NYSCRF and the NYC Funds recently were court-appointed lead plaintiffs in a derivative action against certain officers and directors of Wynn Resorts Ltd. *See In re Wynn Resorts, LTD. Derivative Litig.*, Case. No. A-18-770013-B, Eighth Judicial District Court, Clark County, Nevada. The ten NYC Funds in that case, with whom NYSCRF had no issue working, were: NYCERS, Police, POVSF, PSOVSF, Fire, FFVSF, FOVSF, BOE, TRS and TRS Var. A – all present here. The case presented no manageability issues of the sort NYSCRF imagines and the NYC Funds and NYSCRF achieved an excellent result.

NYSCRF has also partnered with groups of other public pension funds, successfully, and without issue, when it suited them. For example, in *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 442 (S.D. Tex. 2010), NYSCRF moved, and was appointed as co-lead plaintiff with, the State of Ohio Retirement Funds. In appointing NYSCRF as lead plaintiff along with Ohio, the *BP* Court expressly noted that Attorney General Richard A. Cordray was statutory litigation counsel for four separate Ohio funds: the Ohio Public Employees Retirement System, the State

10

Memorandum of Points and Authorities (i) in Further Support of the NYC Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and (ii) in Opposition to Competing Motion for Lead Plaintiff and Approval of Lead Counsel – 5:24-cv-01234-PCP

Teachers Retirement System of Ohio, the School Employees Retirement System of Ohio, and the Ohio Police & Fire Pension Fund. *Id.* at 432 n.1. NYSCRF had no problem with that. And, as noted earlier, NYSCRF had no issue working with the NYC Funds in *Countrywide*. *See* Section IV(A)(2), *supra*.

### C. NYSCRF HAS NOT COME FORWARD WITH ANY EVIDENCE THAT THE NYC FUNDS IS AN INADEQUATE GROUP

The PSLRA requires "**proof**" that a presumptive lead plaintiff "will not fairly and adequately protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Regarding the NYC Funds, there is no such proof, and NYSCRF has offered none. Its arguments are pure speculation and must be rejected, as this Court has held that the lead plaintiff presumption cannot be rebutted by mere speculation. *See, e.g., Kusen v. Herbert*, No. 23-CV-02940-AMO, 2023 WL 8171736, at *6 (N.D. Cal. Nov. 24, 2023) (holding that "questions" as to whether a lead plaintiff movant will adequately represent the class "do not constitute proof, and only proof will suffice to disturb the lead plaintiff presumption."); *Weston v. DocuSign, Inc.*, No. 22-CV-00824-WHO, 2022 WL 1301770, at *5 (N.D. Cal. Apr. 18, 2022) (declining to credit competing movant's arguments that the presumptive lead plaintiff was inadequate because such arguments were wholly speculative, and appointing the presumptive lead plaintiff as lead plaintiff for the class); *see also In re Diamond Foods, Inc., Sec. Litig.*, 281 F.R.D. 405, 412 (N.D. Cal. 2012) (appointing movant with largest financial interest as lead plaintiff because competing movant who attempted to rebut the presumption did not "offer[] sufficient proof beyond mere speculation" that the presumptive lead plaintiff could not "fairly and adequately protect the interests of the class."); *Leventhal v. Chegg, Inc.*, No. 5:21-CV-09953-EJD, 2022 WL 4099454, at *3 (N.D. Cal. Sept. 7, 2022) ("The PSLRA requires 'proof' to overcome the presumption entitling the plaintiff with the largest financial interest in the litigation to appointment as lead plaintiff; speculative assertions are insufficient.") (citing *Doherty v. Pivotal Software, Inc.*, No. 3:19-CV-03589-CRB, 2019 WL 5864581, at *6 (N.D. Cal. Nov. 8, 2019)). Absent actual proof that NYC Funds – the lead plaintiff movant with the largest financial interest in the present action

– does not satisfy the requirements of Fed. R. Civ. P. 23, the NYC Funds "**must** be selected as lead plaintiff." *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) (emphasis added).

The NYC Funds submit proof that demonstrates it is the presumptive Lead Plaintiff and is capable of working cohesively to achieve an excellent result for Snowflake's aggrieved investors. While NYSCRF **speculates** that there may be disagreements among the NYC Funds, the **evidence** before the Court is that the NYC Law Department "is responsible for developing a **unified litigation strategy on behalf of all of the NYC Funds**. In all instances of securities litigation, the participating funds pursue the unified litigation strategy carried out by the attorneys in the Affirmative Litigation Division in the Law Department, who oversee all the City's securities litigation." Whitman Decl. ¶ 18 (emphasis added).

Further, the "evidence" submitted by NYSCRF **supports**, not refutes, a finding that the NYC Funds **is the presumptive Lead Plaintiff**. For instance, NYSCRF has submitted declarations previously submitted by representatives of the NYC Law Department in connection with lead plaintiff motions, cherry-picking phrases within the declarations to manufacture the illusion that the NYC Funds is a disjointed group. A review of the entirety of those exhibits demonstrates the opposite. For instance, in Exhibit B to the Declaration of David R. Kaplan in Support of the Memorandum of Points and Authorities in Further Support of NYSCRF's Lead Plaintiff Motion ("Kaplan Decl."), NYSCRF attached as "proof" that the NYC Funds is an "impermissible group" the Supplemental Declaration of Alan H. Kleinman ("Kleinman Decl."). In provision 8 of the Kleinman Decl., NYSCRF highlighted in yellow the following: "each fund plaintiff has a Board that must authorize the Law Department to assert legal claims and approve any settlement brought under the securities laws" in an attempt to minimize the succeeding sentence: "**the legal representation of each NYC Fund . . . is overseen and conducted by the Law Department**" which it selectively chose not to highlight. But read in its entirety, provision 8 of the Kleinman Decl. actually supports the conclusion that the NYC Funds' is an adequate Lead Plaintiff because its single legal representative – the NYC Law Department – demonstrates

12

Memorandum of Points and Authorities (i) in Further Support of the NYC Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and (ii) in Opposition to Competing Motion for Lead Plaintiff and Approval of Lead Counsel – 5:24-cv-01234-PCP

its cohesion. *See generally* Whitman Decl. ¶¶ 17-18, 20. Contrary to NYSCRF's vapid assertion that this is "beside the point," it is exactly the point.

As stated earlier, NYSCRF has served as lead plaintiff with the NYC Funds and together, they successfully prosecuted the actions and achieved excellent results. *Supra* III(B)(3). Despite having firsthand experience working with the NYC Funds, NYSCRF cannot point to any actual evidence – from these **or any of the 10 cases** where the NYC Funds were appointed as lead plaintiff – that demonstrates the size of the group presented any issue in the conduct of the action. Instead, NYSCRF resorts to hypotheticals, fabricating a scenario in which the structure of the NYC Funds might theoretically serve as an obstacle to reaching settlement. NYSCRF Opp. Br. at 3. But these speculations are belied by the actual evidence from the NYC Funds' cases. Because NYSCRF offers only speculation in its attempt to rebut the presumption that NYC Funds is the Lead Plaintiff, its arguments should not be credited.

### D. THE CASES CITED BY NYSCRF ARE INAPPOSITE

The cases cited by NYSCRF are not factually analogous and do not alter the conclusion that the NYC Funds is the presumptive Lead Plaintiff. That is because the cases NYSCRF cites involved movants cobbling together unrelated entities to form an impermissible group. In *Koffsmon v. Green Dot Corp.*, No. CV 19-10701 DDP (EX), 2022 WL 170636, at *2 (C.D. Cal. Jan. 19, 2022), a case that NYSCRF cites repeatedly, the NYC Hotel Fund argued that no individual member of a competing lead plaintiff group had greater losses. However, in *Green Dot*, the three members of the competing group were unrelated and that fact was the primary basis for the decision. *Id*. at *2. In ruling on a motion for reconsideration, the court stated that its decision was premised on the fact that "there was no pre-existing relationship" among the members of the group, which had been assembled by lawyers. Under those circumstances, the court held that allowing the group "to aggregate its members' losses would be to undermine the PSLRA's objective of preventing lawyer-driven litigation." *Koffsmon v. Green Dot Corp.*, No. CV 19-10701 DDP (EX), 2021 WL 3473975, at *3 (C.D. Cal. Aug. 6, 2021).

13

Memorandum of Points and Authorities (i) in Further Support of the NYC Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and (ii) in Opposition to Competing Motion for Lead Plaintiff and Approval of Lead Counsel – 5:24-cv-01234-PCP

Similarly, in *Apple*, the Central District of California stated that, "District Courts in the Northern District of California have held that an appropriate group is one whose members had 'a meaningful relationship preceding the litigation' and were 'united by more than the mere happenstance of having bought the same securities.'" 2008 WL 11343371, at *3 (quoting *McKesson*, 79. F. Supp. 2d at 1153-54). The *Apple* Court further cited to *McKesson* for the proposition that a lead plaintiff should be "an individual person or entity, or at most, a close knit 'group of persons'" and that an "appropriate group" might be "members of a family." *See id.* Relying on *McKesson*, the *Apple* Court declined to appoint a group about which it had serious reservations regarding its certifications, control over counsel, scope of authority and other issues. *Id*. at *4. None of those facts are present here.

Similarly inapposite is *Schriver v. Impac Mortgage Holdings*, No. SACV 06-31 CJC RNBX, 2006 WL 6886020, at *6, 7 (C.D. Cal. May 2, 2006). There, the court refused to appoint a lawyer-created amalgamation of unrelated investors, finding this would lead to lawyer driven litigation and lack of oversight. Notably, the rejected group had been formed by lawyers after all lead plaintiff motions had been filed to create a group of totally unrelated entities with the largest losses. *Id*. at *4, 8; *see also Bristow v. Sunpower Corp.*, No. 16-CV-04710-RS, 2016 WL 11741569, at *2 (N.D. Cal. Dec. 9, 2016) ("The SunPower Investor Group cannot get around the fact that it is composed of separate individual investors who had no connection prior to this litigation."); *Burns v. UP Fintech Holding Ltd.*, No. CV 23-4842-CBM-BFMX, 2024 WL 387261, at *3 (C.D. Cal. Jan. 30, 2024) (movants had no pre-litigation relationship); *Ben v. Frontier Fin. Corp*., No. 10-0696-JCC, 2010 WL 11684329, at *3 (W.D. Wash. Aug. 3, 2010) (the losing group did not dispute nor did "it provide any independent reason why it should be treated as a group or why its members' losses should be aggregated:); *Fialkov v. Celladon Corp*., No. 15CV1458 AJB (DHB), 2015 WL 11658717, at *4 (S.D. Cal. Dec. 9, 2015) (refusing to appoint a group comprised of several individual investors with no pre-existing relationship).[2]

[2] Considering this caselaw, NYSCRF's argument that "a preexisting relationship or shared counsel" is irrelevant is completely wrong. NYSCRF Opp. Br. at 11.

14

Memorandum of Points and Authorities (i) in Further Support of the NYC Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and (ii) in Opposition to Competing Motion for Lead Plaintiff and Approval of Lead Counsel – 5:24-cv-01234-PCP

Thus, none of the cases cited by NYSCRF undercuts that the NYC Funds is the presumptive Lead Plaintiff.

## V. CONCLUSION

For the foregoing reasons, and for the reasons explained in its Motion, Opposition and accompanying exhibits, the NYC Funds respectfully requests that the Court appoint the NYC Funds as Lead Plaintiff for the Class and approve its selection of Grant & Eisenhofer as Lead Counsel.

Dated: San Francisco, California  
May 20, 2024

Respectfully submitted,

*/s/ M. Elizabeth Graham*
M. Elizabeth Graham (Cal. Bar Id. 143085)
GRANT & EISENHOFER P.A.
2325 Third Street, Suite 329
San Francisco, CA 94107
Tel.: (415) 229-9720
Fax: (415) 789-4367
Email: egraham@gelaw.com

Daniel L. Berger (*pro hac vice*)
Caitlin M. Moyna (*pro hac vice*)
GRANT & EISENHOFER P.A.
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: dberger@gelaw.com
Email: cmoyna@gelaw.com

*Counsel for the NYC Funds and Proposed Lead Counsel for the Class*

15

Memorandum of Points and Authorities (i) in Further Support of the NYC Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and (ii) in Opposition to Competing Motion for Lead Plaintiff and Approval of Lead Counsel – 5:24-cv-01234-PCP