M. Elizabeth Graham (Cal. Bar Id. 143085)
**GRANT & EISENHOFER P.A.**
2325 Third Street, Suite 329
San Francisco, CA 94107
Tel.: (415) 229-9720
Fax: (415) 789-4367
Email: egraham@gelaw.com

Daniel L. Berger (*pro hac vice*)
Caitlin M. Moyna (*pro hac vice*)
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: dberger@gelaw.com
Email: cmoyna@gelaw.com

*Counsel for the NYC Funds and Proposed Lead
Counsel for the Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| SUZANNE L. FLANNERY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SNOWFLAKE INC., FRANK SLOOTMAN, and MICHAEL P. SCARPELLI, <br><br> Defendants. | Case No. 5:24-cv-01234-PCP <br><br> **DECLARATION OF DANIEL R. WHITMAN IN FURTHER SUPPORT OF THE MOTION OF THE NYC FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** <br><br> CLASS ACTION <br><br> Date: June 6, 2024 <br> Time: 10:00 am <br> Courtroom: 8, 4th Floor <br> Judge: Hon. P. Casey Pitts |

1

DECLARATION OF DANIEL R. WHITMAN IN FURTHER SUPPORT OF THE MOTION OF THE NYC FUNDS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF COUNSEL – No. 5:24-cv-01234-PCP

I, DANIEL R. WHITMAN, under penalty of perjury and on oath, duly declare and state as follows:

1.    I am Senior Counsel in the Affirmative Litigation Division of the New York City Law Department ("Law Department"), counsel to the Teachers' Retirement System of the City of New York ("TRS"); the New York City Employees' Retirement System ("NYCERS"); the New York City Police Pension Fund ("Police"); the New York City Fire Department Pension Fund ("Fire"); the Board of Education Retirement System of the City of New York ("BOE"); the Police Officers' Variable Supplements Fund ("POVSF"); the Police Superior Officers' Variable Supplements Fund ("PSOVSF"); the New York City Firefighters' Variable Supplements Fund ("FFVSF"); the New York City Fire Officers' Variable Supplements Fund ("FOVSF"); the New York Fire Department Life Insurance Fund ("FDLIF"); and the Teachers' Retirement System of the City of New York Variable Annuity Program ("TRS Var. A") (collectively, the "NYC Funds").

2.    The Law Department acts as counsel to all the NYC Funds. (*See* ¶ 16, below.) My responsibilities as Senior Counsel in the Affirmative Litigation Division include overseeing securities litigation brought by the NYC Funds. I submit this declaration in support of the motion to (1) appoint the NYC Funds as Lead Plaintiff; and (2) appoint Grant & Eisenhofer P.A. ("Grant & Eisenhofer") as Lead Counsel. I have personal knowledge of the matters stated in this declaration and, if called upon, I could and would competently testify to them.

3.    Contrary to the statements of New York State Comptroller DiNapoli in his Memorandum of Points & Authorities in Further Support of his Motion to appoint the NYSCRF as Lead Plaintiff (ECF No. 73), there are only five NYC pension systems: TRS, NYCERS, Police, Fire, and BOE, as stated in the Comprehensive Annual Financial Report of the Comptroller for the Fiscal Year Ended June 30, 2023 ("CAFR FY 2023"), attached hereto as **Exhibit A.** Indeed, in the CAFR FY 2023, the NYC Comptroller states that the "NYCRS [the New York City Retirement Systems] consist of" TRS, NYCERS, Police, Fire, and BOE. *See infra* ¶ 13. Some of these pension systems also offer additional retirement benefits through

2

DECLARATION OF DANIEL R. WHITMAN IN FURTHER SUPPORT OF THE MOTION OF THE NYC FUNDS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF COUNSEL – No. 5:24-cv-01234-PCP

programs or supplemental funds, as further discussed below, but each of these programs and supplemental funds falls under the umbrella of one of the five NYC pension systems. Collectively, the NYC Funds is one of the five largest public pension funds in the nation. As of March 2024, the NYC Funds had over $271 billion in assets under management.

### The NYC Funds Is a Cohesive Group

4. The five NYC pension systems are a cohesive group within the meaning of the PSLRA. Since the passage of the PSLRA, courts in various jurisdictions, including the Northern District of California, have appointed the NYC Funds as Lead Plaintiff, including cases where nine and ten of the funds moved together. *See In re Lipetz v. Wachovia Corp.*, No. 08 CIV.6171 RJS, 2008 WL 4615895, at *2-4 (S.D.N.Y. Oct. 10, 2008) (appointing NYCERS, BOE, Police, POVSF, PSOVSF, Fire, FFVSF, FOVSF, TRS, and TRS Var. A as lead plaintiff); *Garber v. Juniper Networks*, No. C06-04327 JW, 2006 WL 3365547 (N.D. Cal. Nov. 20, 2006) (appointing NYCERS, TRS, Fire, Police, PSOVSF, POVSF, FOVSF, FFVSF, and BOE as lead plaintiff). No court has ever treated the NYC Funds as an unrelated group of funds. In fact, in *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1157 & n.11 (N.D. Cal. 1999), this Court stated that the NYC Funds are "essentially one person for purposes of the Reform Act." U.S. courts have always understood the NYC Funds to be a proper single movant for the purposes of the PSLRA. This is because the NYC Funds act as a cohesive unit.

5. As said, there are five NYC pension systems. The other six entities which are included in the NYC Funds' Lead Plaintiff motion – POVSF, PSOVSF, FFVSF, FOVSF, FDLIF, and TRS Var. A – are not unrelated to the five NYC pension systems, rather they are programs or supplemental funds which fall under the umbrella of the five overarching pension systems. That is, they were statutorily created to offer additional retirement benefits to those who participate in three of the main pension systems: Police, Fire, and TRS, respectively. The structure of the pension funds and supplemental funds is as follows:

6. **TRS (Teachers' Retirement System of the City of New York):** TRS is one of the five NYC pension systems. TRS Var. A is a program of TRS pursuant to NYC Admin. Code

3

DECLARATION OF DANIEL R. WHITMAN IN FURTHER SUPPORT OF THE MOTION OF THE NYC FUNDS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF COUNSEL – No. 5:24-cv-01234-PCP

§§ 13-521(q), 13-521.1(d)(5), & 13-533(b)(5). TRS Var. A has the same board of trustees as TRS.

7. **NYCERS (New York City Employees' Retirement System)**: NYCERS is one of the five NYC pension funds that is available to all NYC employees who are not eligible to participate in the other four funds: TRS, Police, Fire, or BOE.

8. **POLICE (New York City Police Pension Fund)**: Police is one of the five NYC pension systems and is comprised of several supplemental funds including POVSF and PSOVSF. POVSF and PSOVSF are part of Police's pension system. According to NYC Admin. Code §§ 13-269 and 13-279, POVSF and PSOVSF should not be construed as pension or retirement systems or funds, but rather as supplements to the benefits received by Police's beneficiaries. Section 13-267.1(h) of the NYC Admin. Code further states that neither POVSF nor PSOVSF are independent pension or retirement systems or funds: "Nothing contained in this section shall be construed to mean or imply that . . . *any such variable supplements fund constitutes a pension or retirement system or fund.*" Finally, that Police is one cohesive pension system which includes POVSF and PSOVSF is evidenced by the fact that every member of the board of trustees of POVSF and PSOVSF is also a board member of Police.

9. **FIRE (New York City Fire Department Pension Fund)**: Fire is one of the five NYC pension systems and is comprised of several supplemental funds including FFVSF, FOVSF, and FDLIF. FFVSF, FOVSF, and FDLIF are part of Fire's pension system. According to NYC Admin. Code §§ 13-382 and 13-392, neither FFVSF nor FOVSF should be construed as pension or retirement systems or funds, but rather as supplemental benefits received by Fire's beneficiaries. Section 13-379.1(h) of the NYC Admin. Code further confirms that neither FFVSF nor FOVSF are independent of Fire: "Nothing contained in this section shall be construed to mean or imply that . . . *any such variable supplements fund constitutes a pension or retirement system or fund.*" FDLIF is a welfare trust fund overseen by the board of trustees of Fire. NYC Admin. Code § 13-380. That Fire is one cohesive pension system is evidenced by

DECLARATION OF DANIEL R. WHITMAN IN FURTHER SUPPORT OF THE MOTION OF THE NYC FUNDS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF COUNSEL – No. 5:24-cv-01234-PCP

the fact that every member of the board of trustees of FFVSF and FOVSF is also a board member of Fire.

10. **BOE (Board of Education Retirement System of the City of New York)**: is one of the five NYC pension systems.

11. That the NYC Funds is a cohesive unit is further supported by the following facts. *First*, the NYC Comptroller is the custodian of all the NYC pension systems pursuant to NYC Admin. Code § 13-536 (TRS); § 13-136 (NYCERS); § 13-235 (Police); § 13-338 (Fire); and NYC Board of Educ. Ret. Sys. Rule § 7(3) (BOE) (attached hereto as **Exhibit B**). *Second*, the NYC Comptroller, through its Bureau of Asset Management, is the investment advisor and asset manager for the NYC Funds except TRS Var. A. The Comptroller also promotes long-term asset value through its Corporate Governance and Responsible Investment Group which seeks to protect and enhance the long-term value of the NYC Funds' investments. *Third*, the NYC Funds share the same Chief Actuary, the Office of the Actuary of the City of New York. *Fourth*, the NYC Funds share the same independent auditor, Grant Thornton LLP.

12. As permitted by the NYC Admin. Code, the Boards have delegated their funds' investment authority to the Comptroller. *See, e.g.*, § 13-235 (Police). Under New York City Charter § 94, the Comptroller in turn delegates these functions to the head of the Bureau of Asset Management ("BAM"), which exercises all investment management and advisory powers delegated to the comptroller collectively by the Boards. BAM implements the Boards' decisions, reports on investment performance, and advises the Boards on a range of investment-related topics. Each system's portfolios are managed predominantly by external investment managers, hired by BAM with the Boards' approval, who have specific mandates about how they may invest, including in: publicly traded securities, private equity, real estate, infrastructure, hedge funds, and fixed income assets.

13. The cohesiveness of the NYC Funds is further supported by the fact that the NYC Comptroller issues a Comprehensive Annual Financial Report which encompasses data about each of the five NYC pension systems each year. *See, e.g.*, The City of New York, New York,

5

DECLARATION OF DANIEL R. WHITMAN IN FURTHER SUPPORT OF THE MOTION OF THE NYC FUNDS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF COUNSEL – No. 5:24-cv-01234-PCP

*Comprehensive Annual Financial Report of the Comptroller for the Fiscal Year Ended June 30, 2023*, attached hereto as **Exhibit A**.

14. Additionally, the NYC Funds has secured outstanding results on behalf of investors in the below cases, which further evidences that it is a cohesive unit:

    i. *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.) ($625 million settlement);

    ii. *In re Juniper Networks, Inc. Sec. Litig.*, No. 5:08-cv-00246 (N.D. Cal.) ($169.5 million);

    iii. *In re Wachovia Equity Securities Litig.*, No. 1:08-cv-06171 (S.D.N.Y.) ($75 million); and

    iv. *Norfolk County Retirement System v. Community Health Systems, Inc. et al.*, No. 3:11-cv-00433 (M.D. Tenn.) ($53 million).

15. Notably, the NYC Funds has worked as co-Lead Plaintiff with the New York State Common Retirement Fund ("NYSCRF") in several cases including two PSLRA cases and one derivative case. In none of these cases did NYSCRF challenge or otherwise state that the NYC Funds is an unwieldly group of 11 distinct funds and thus inappropriate to serve as Lead Plaintiff on such grounds. The cases are as follows:

    i. *In re Cendant Corporation Litigation*, 2:98-cv-01664 (D.N.J. 1998);

    ii. *In re Countrywide Financial Corp.*, 2:07-cv-05295 (C.D. Cal. 2007); and

    iii. *Thomas P. DiNapoli. v. Stephen A. Wynn, et al.*, Case No. A-18-770013-B, District Court, Clark County, Nevada.

**The NYC Funds Is Represented by the NYC Law Department**

16. The Office of the Corporation Counsel, also known as the Law Department, is the legal arm of the City of New York. Pursuant to the powers and duties granted to it under the New York City Charter, the Law Department is the attorney and counsel for all City agencies, including the Comptroller and the NYC Funds. The NYC Law Department's Affirmative

6

DECLARATION OF DANIEL R. WHITMAN IN FURTHER SUPPORT OF THE MOTION OF THE NYC FUNDS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF COUNSEL – No. 5:24-cv-01234-PCP

Litigation Division has three attorneys that monitor and supervise shareholder litigation on behalf of the NYC Funds.

17.    Pursuant to Section 394(a) of the NYC Charter, the Corporation Counsel is the "attorney and counsel for the city and every agency thereof and shall have charge and conduct of all the law business of the city and its agencies." As set forth in the NYC Charter § 391, the Corporation Counsel is the head of the Law Department. The Charter provides for the Law Department and the attorneys thereof to act as counsel for each plaintiff fund. *See also* NYC Charter §§ 392, 394, 395.

18.    The NYC Charter assigns the Law Department "the right to institute actions in law or equity and any proceedings provided by law in any court . . . to maintain, defend and establish the rights, interests, revenues, property, privileges, franchises or demands of the city or of any part or portion thereof[.]" *Id.* § 394(c). In other words, the Law Department is responsible for developing a unified litigation strategy on behalf of the NYC Funds. In all instances of securities litigation, the participating funds pursue the unified litigation strategy carried out by the attorneys in the Affirmative Litigation Division in the Law Department, who oversee all the City's securities litigation.

19.    The Affirmative Litigation Division attorneys take a very active role in securities litigation, ensuring that the interests of the City and the class it seeks to represent as a fiduciary are advanced. I have reviewed closely – and edited – everything that our outside counsel, Grant & Eisenhofer, has presented to the Court on behalf of the NYC Funds in the *Snowflake Inc.* litigation. The Law Department also participated in strategy discussions with Grant & Eisenhofer.

20.    While each NYC Fund has a Board that must authorize the Law Department to assert legal claims and approve any settlement brought under the securities laws, the legal representation of each NYC Fund asserting claims in *Snowflake Inc.* is overseen and conducted by the Law Department.

7

21.    The Law Department, through established protocols, solicited recommendations and bids from outside counsel for litigation arising from losses in Snowflake Inc. securities. After a competitive bidding process, the Law Department selected Grant & Eisenhofer to represent all injured NYC Funds, and recommended the litigation to the NYC Funds which approved the litigation. We have done all we can to position the NYC Funds as the best Lead Plaintiff: we have one excellent law firm to represent the Class with a very competitive fee structure to ensure that the maximum recovery goes to Snowflake investors.

Signed and dated this 20th day of May, 2024 at New York, New York.

/s/ Daniel R. Whitman

Daniel R. Whitman
Senior Counsel, Affirmative Litigation Division
New York City Law Department

DECLARATION OF DANIEL R. WHITMAN IN FURTHER SUPPORT OF THE MOTION OF THE NYC FUNDS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF COUNSEL – No. 5:24-cv-01234-PCP