**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
Tel.: (858) 997-0860
Fax: (858) 369-0096
dkaplan@saxenawhite.com

*Counsel for Proposed Lead Plaintiff Thomas P.
DiNapoli, Comptroller of the State of New
York, as Administrative Head of the New York
State and Local Retirement System, and as
Trustee of the New York State Common
Retirement Fund, and Proposed Lead Counsel
for the Class*

[*Additional Counsel on Signature Page*]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| SUZANNE L. FLANNERY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SNOWFLAKE INC., FRANK SLOOTMAN, and MICHAEL P. SCARPELLI, <br><br> Defendants. | No. 5:24-cv-01234-PCP <br><br> **CLASS ACTION** <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF THOMAS P. DINAPOLI, COMPTROLLER OF THE STATE OF NEW YORK, AS ADMINISTRATIVE HEAD OF THE NEW YORK STATE AND LOCAL RETIREMENT SYSTEM, AND AS TRUSTEE OF THE NEW YORK STATE COMMON RETIREMENT FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL** <br><br> DATE: June 6, 2024 <br> TIME: 10:00 am <br> COURTROOM: 8—4th Floor <br> JUDGE: Hon. P. Casey Pitts |

## TABLE OF CONTENTS

**Page**

I.    Introduction ...................................................................................................... 1

II.   Statement of Issues to be Decided...................................................................... 2

III.  Argument ............................................................................................................ 3

     A.    NYSCRF is the Presumptive Lead Plaintiff............................................. 3

         1.    NYSCRF—Not the NYC Eleven—Has the Largest Financial Interest ......................................................................................... 3

         2.    The NYC Eleven Are Inadequate and Cannot Cure Their Deficient Motion .............................................................................. 9

         3.    NYSCRF Satisfies Rule 23's Typicality and Adequacy Requirements ......................................................................... 11

     B.    All Other Motions Should Be Denied ................................................. 11

IV.   Conclusion ...................................................................................................... 12

**TABLE OF AUTHORITIES**

**PAGE(S)**

**Cases**

*Apple v. LJ Int'l Inc.*,
  2008 WL 11343371 (C.D. Cal. Feb. 8, 2008) ............................................................................. 3, 5

*Bristow v. SunPower Corp.*,
  2016 WL 11741569 (N.D. Cal. Dec. 9, 2016) ................................................................................. 4

*Burns v. UP Fintech Holding Ltd.*,
  2024 WL 387261 (C.D. Cal. Jan. 30, 2024) ................................................................................. 4, 9

*Choi v. Coupang, Inc.*,
  2023 WL 2585979 (S.D.N.Y. Mar. 21, 2023) ................................................................................. 7

*Dang v. Amarin Corp. PLC*,
  2022 WL 15524944 (D.N.J. Oct. 27, 2022) ................................................................................... 5

*Deinnocentis v. Dropbox, Inc.*,
  2020 WL 264408 (N.D. Cal. Jan. 16, 2020) ................................................................................... 6

*Eshe Fund v. Fifth Third Bancorp*,
  2008 WL 11322108 (S.D. Ohio Dec. 16, 2008) ............................................................................. 5

*Friedman v. Quest Energy Partners LP*,
  261 F.R.D. 607 (W.D. Okla. 2009) .............................................................................................. 11

*Garber v. Juniper Networks, Inc.*,
  2006 WL 3365547 (C.D. Cal. Nov. 20, 2006) ............................................................................... 8

*In re Baan Co. Sec. Litig.*,
  186 F.R.D. 214 (D.D.C. 1999) ....................................................................................................... 3

*In re Bard Assocs., Inc.*,
  2009 WL 4350780 (10th Cir. Dec. 2, 2009) ................................................................................. 11

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ...................................................................................................... 1, 3

*In re Cendant Corp. Litig.*,
  182 F.R.D. 144 (D.N.J. 1998) ................................................................................................. 5, 7, 8

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ......................................................................................................... 5, 8

ii

*In re Enron Corp. Sec. Litig.*,
  206 F.R.D. 427 (S.D. Tex. 2002) ................................................................................................ 4

*In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*,
  209 F.R.D. 447 (C.D. Cal. 2002).................................................................................... 3, 4, 9

*In re Network Assocs., Inc., Sec. Litig.*,
  76 F. Supp. 2d 1017 (N.D. Cal. 1999)...................................................................................... 3

*In re Nutanix, Inc. Sec. Litig.*,
  2021 WL 783579 (N.D. Cal. Mar. 1, 2021) ............................................................................. 5

*In re Nutanix, Inc. Sec. Litig.*,
  2021 WL 2410832 (N.D. Cal. June 10, 2021)........................................................................... 5

*In re Orbital Scis. Corp. Sec. Litig.*,
  2000 WL 35782083 (E.D. Va. Mar. 2, 2000)........................................................................... 7

*In re Petrobras Sec. Litig.*,
  104 F. Supp. 3d 618 (S.D.N.Y. 2015) ...................................................................................... 6

*Kinney v. Capstone Turbine Corp.*,
  2016 WL 5341948 (C.D. Cal. Feb. 29, 2016) ....................................................................... 10

*Koffsmon v. Green Dot Corp.*,
  2021 WL 3473975 (C.D. Cal. Aug. 6, 2021) ...................................................................... 4, 5

*Kusen v. Herbert*,
  2023 WL 8171736 (N.D. Cal. Nov. 24, 2023) ........................................................................ 6

*Leventhal v. Chegg, Inc.*,
  2022 WL 4099454 (N.D. Cal. Sept. 7, 2022)........................................................................... 5

*Lipetz v. Wachovia Corp.*,
  2008 WL 4615895 (S.D.N.Y. Oct. 10, 2008)........................................................................... 8

*McDermid v. Inovio Pharms., Inc.*,
  467 F. Supp. 3d 270 (E.D. Pa. 2020)...................................................................................... 10

*Niederklein v. PCS Edventures!.com, Inc.*,
  2011 WL 759553 (D. Idaho Feb. 24, 2011) .......................................................................... 10

*Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.*,
  2011 WL 6202585 (M.D. Tenn. Nov. 28, 2011).................................................................... 7

iii

*Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.*,
2012 WL 12485 (M.D. Tenn. Jan. 3, 2012) ....................................................................... 8

*Peters v. Twist Bioscience Corp.*,
2023 WL 4849431 (N.D. Cal. July 28, 2023) .................................................................... 5

*Ross v. Abercrombie & Fitch Co.*,
2007 WL 895073 (S.D. Ohio Mar. 22, 2007) ................................................................. 10

*Schriver v. Impac Mortg. Holdings, Inc.*,
2006 WL 6886020 (C.D. Cal. May 2, 2006) ............................................................... 4, 10

*Switzenbaum v. Orbital Scis. Corp.*,
187 F.R.D. 246 (E.D. Va. 1999) ........................................................................................ 8

*Tsirekidze v. Syntax-Brillian Corp.*,
2008 WL 942273 (D. Ariz. Apr. 7, 2008) ....................................................................... 10

*Weston v. DocuSign, Inc.*,
2022 WL 1301770 (N.D. Cal. Apr. 18, 2022) ................................................................... 5

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................................... 2

iv

NYSCRF respectfully submits this reply brief in further support of its motion for Lead Plaintiff appointment and approval of its selection of Lead Counsel, and in response to the competing motion.[1]

## I.    INTRODUCTION

NYSCRF is the presumptive "most adequate plaintiff" under the PSLRA based on its superior financial interest—having suffered a ***$31.6 million*** loss, over ***three times larger*** than the top three individual losses claimed by the NYC Eleven. *Compare* ECF No. 35-2 at 2 *with* ECF No. 16-2 at 2-4. Indeed, NYSCRF's financial interest under every *Lax-Olsten* factor is the largest of any individual movant. *Id.* NYSCRF has detailed its motivations, its extensive experience recovering more than $11 billion by prosecuting securities class actions on behalf of investors, and its ability and incentive to oversee counsel and the litigation, which satisfies the typicality and adequacy requirements of Rule 23. NYSCRF is therefore the presumptive Lead Plaintiff.

To rebut that presumption, the NYC Eleven, the only remaining competing movants, must submit "***proof***" that NYSCRF is inadequate to represent the Class, or otherwise atypical. *In re Cavanaugh*, 306 F.3d 726, 729 n.2 (9th Cir. 2002). Strikingly, the NYC Eleven have not submitted ***any*** evidence, much less proof, to rebut the presumption in favor of NYSCRF. Instead, the NYC Eleven maintain that their "collective[]" financial interests across 11 funds establish that they have the largest financial interest and are thus the presumptive lead plaintiff. *See* ECF No. 71 at 2, 5. They are not.

***First***, as detailed in NYSCRF's opposition brief (ECF No. 73), no opposed group consisting of 11 separate, independent, and legally distinct funds—related or not—has ever been appointed as lead plaintiff in this Circuit since the enactment of the PSLRA. There is no reason to deviate from decades of precedent in this District, Circuit, and, indeed, throughout the country that disavow large groups as lead plaintiffs, particularly when those groups seek to unseat a sole public pension fund that sustained by far the largest individual loss. The NYC Eleven fail to offer a single reason why this Court should ignore years of

---

[1] All defined terms take their meanings from NYSCRF's opening and opposition briefs, ECF Nos. 34, 73. All citations are omitted, and all emphasis is added unless otherwise noted. The NYC Eleven are the only remaining competing movants. *See* ECF Nos. 15, 71. Of the seven original movants, two have withdrawn (*see* ECF Nos. 70, 80) and three filed notices of non-opposition (*see* ECF Nos. 56, 68, 69).

authority that uniformly reject lead plaintiff groups with more than five members.  This is especially true here because none of the NYC Eleven funds have the largest individual financial interest, a factor that is overwhelmingly cited as a prerequisite for group lead plaintiff appointment in this District and Circuit. Indeed, the NYC Eleven's own past practices are consistent with this size limitation: the cases they claim typify their adequacy are cases in which they moved for appointment as lead plaintiff with *far smaller* groups than the group proffered here (*see* ECF No. 71 at 3, 5-6; *see infra* Section III.A.1).[2]

**Second**, even if the Court were to aggregate the losses of the NYC Eleven, these movants have failed to show, by declaration or otherwise, how a group of 11 independent and legally distinct funds— with five executive directors and at least 84 Trustees with at least 93 votes serving on at least eight Boards (*see* ECF No. 74-2)—will effectively and efficiently manage the litigation given the need for separate settlement approval and other independent decision-making processes.[3]  Indeed, the appointment of the NYC Eleven would subject the Class to significant and wasteful costs (*e.g.*, discovery from multiple decision-makers) and unnecessary risks (*e.g.*, a finding of inadequacy at class certification).

Accordingly, NYSCRF respectfully requests that the Court appoint NYSCRF as Lead Plaintiff, approve its selection of Lead Counsel, and deny all other motions.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether NYSCRF should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B) because it possesses the single largest financial interest of any movant and there is no "proof" to rebut its prima facie showing of typicality and adequacy;

2.    Whether NYSCRF's selection of Saxena White as Lead Counsel for the Class should be approved pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and

3.    Whether all competing motions, including that of the NYC Eleven, should be denied.

---

[2] In fact, in the only two cases in which the NYC Eleven sought to combine 11 funds as they do here, *Rivian* and *Kraft*, the motions were denied, albeit on other grounds.  *See* ECF No. 73 at 15.

[3] Any attempts to introduce new arguments that reframe the NYC Eleven's group as one with fewer members should be rejected as detailed below.  *See infra* Section III.A.2.

### III.    <u>ARGUMENT</u>

The PSLRA provides a sequential three-step process establishing a presumption that the "most adequate plaintiff" is the movant with the "largest financial interest" that has made a preliminary showing of typicality and adequacy.  *Cavanaugh*, 306 F.3d at 729-32 (determination of which movant receives the presumption is sequential and should be based on only the movant's pleadings and declarations). After the presumption attaches during step two, the process "turns adversarial" and, even at that stage, the presumption may only be rebutted "***upon proof***" of atypicality or inadequacy.  *Id.* at 729 n.2, 730-31.

Here, NYSCRF has the largest individual financial interest in the outcome of the litigation, has demonstrated its typicality and adequacy, and there is no proof to rebut the presumption in favor of NYSCRF's appointment.  Neither the NYC Eleven nor any other movant has even ***attempted*** to rebut NYSCRF's presumptive Lead Plaintiff status.  By contrast, there is neither reason nor precedent for aggregating the financial interests of the NYC Eleven, and there is ample proof—including, for example, prior PSLRA certifications, declarations, and statutory and other evidence (*see* ECF No. 74)—that the NYC Eleven are an impermissibly large amalgamation of 11 funds that cannot establish their adequacy.

#### A.    **NYSCRF is the Presumptive Lead Plaintiff**

##### 1.    **NYSCRF—Not the NYC Eleven—Has the Largest Financial Interest**

As detailed in NYSCRF's opposition brief (ECF No. 73), the NYC Eleven cannot overcome the well-established presumption against groups larger than five.  There are no "unusual circumstances" that warrant aggregation—much less appointment—of a group of 11 separate, independent, and legally distinct funds.  *See In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 225 (D.D.C. 1999); *see also In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1041, 1052 (N.D. Cal. 1999) (same).  The NYC Eleven have not explained why this Court should deviate from decades of nationwide precedent that reject movant groups with more than five members as presumptively too large to work effectively.  *See Network Assocs.*, 76 F. Supp. 2d at 1052 ("To ensure adequate stakes, monitoring, coordination, and accountability, a group generally should have no more than three to five members"); *see also In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002) (rejecting seven-member group as presumptively too large and diverse); *Apple v. LJ Int'l Inc.*, 2008 WL 11343371, at *3 n.2, 4

(C.D. Cal. Feb. 8, 2008) (disqualifying 10-member group in part because of presumption against groups with more than five members); *Schriver v. Impac Mortg. Holdings, Inc.*, 2006 WL 6886020, at *8-9 (C.D. Cal. May 2, 2006) (same).

Recent lead plaintiff motions filed by members of the NYC Eleven appear to heed the presumption against groups of more than five and show that the members of the NYC Eleven need not all move together. Indeed, the last three such motions were all filed on behalf of movant groups of five or less funds. *See* Motion, *Washtenaw Cnty. Emps.' Ret. Sys. v. Dollar Gen. Corp.*, No. 3:23-cv-01250 (M.D. Tenn. Jan. 26, 2024) (***three***-member group composed of BOE, Fire, and Police), ECF Nos. 35-37; Motion, *KBC Asset Mgmt. NV v. Discover Fin. Servs.*, No. 1:23-cv-06788 (N.D. Ill. Oct. 31, 2023) (***five***-member group composed of NYCERS, Police, Fire, TRS, and KBC Asset Management NV), ECF Nos. 10-12; Motion, *In re AT&T Sec. Litig.*, No. 2:23-cv-04064 (D.N.J. Sept. 26, 2023) (***five***-member group composed of TRS, NYCERS, Police, Fire, and BOE), ECF No. 14; *see also* ECF No. 73 at 15. By contrast, here, as in *In re Enron Corp. Securities Litigation*—where ten members of the NYC Eleven and the Florida State Board of Administration filed a joint motion—the motion of the NYC Eleven should be rejected because "[t]here is . . . no clear or persuasive reason why" the 11 members of the NYC Eleven "joined together to apply for Lead Plaintiff in this litigation other than an effort to amalgamate their losses to be greater than their competitors'." 206 F.R.D. 427, 455 (S.D. Tex. 2002).

This is especially true here because NYSCRF has the largest individual financial interest. Courts in this Circuit routinely refuse to aggregate the financial interests of far smaller groups when there is a competing single, large institutional investor that possesses the largest financial interest of any individual movant. *See, e.g.*, *Koffsmon v. Green Dot Corp.*, 2021 WL 3473975, at *3 (C.D. Cal. Aug. 6, 2021) (appointing single pension fund with largest individual financial interest over group of three pension funds); *Bristow v. SunPower Corp.*, 2016 WL 11741569, at *2 (N.D. Cal. Dec. 9, 2016) (appointing single movant with largest individual financial interest over group of five); *Burns v. UP Fintech Holding Ltd.*, 2024 WL 387261, at *3 (C.D. Cal. Jan. 30, 2024) (appointing single movant with largest individual financial interest over group of two). Like the *Green Dot* Court, NYSCRF is not aware of "***any instance*** in which a court in this circuit has aggregated the financial interests of a group of smaller investors"

4

against the opposition of an institution with the single largest financial interest. 2021 WL 3473975, at *3. Here, NYSCRF's individual financial interest far exceeds the claimed losses, net funds expended, and net and total shares purchased of any one member of the NYC Eleven. *See* ECF No. 73 at 10-12.

The NYC Eleven do not cite in-Circuit or recent authority to the contrary. Indeed, all but one of the NYC Eleven's authorities (*see* ECF No. 71 at 3, 5-6) appoint single movants or two-member groups.[4] In *Leventhal v. Chegg, Inc.*, the Court appointed a two-member group, including a pension fund and an asset management company that filed valid assignments from two funds under management by the asset management company together with the motion. 2022 WL 4099454, at *3 (N.D. Cal. Sept. 7, 2022). In *Weston v. DocuSign, Inc.*, the Court appointed another two-member group, including a pension fund and an investment manager that had exclusive authority to assert claims on behalf of various funds under Luxembourgian law. 2022 WL 1301770, at *5 (N.D. Cal. Apr. 18, 2022). The five other cases cited by the NYC Eleven in their opposition brief appointed one person or entity claiming the largest individual loss of any qualified movant, including three individual appointments over the opposition of groups.[5]

---

[4] The lone exception is *In re Cendant Corp. Litigation*, where nine of the NYC Eleven were appointed lead plaintiff together with NYSCRF and the California Public Employees' Retirement System ("CalPERS")—after no opposition to the propriety of the group was raised and, upon information and belief, one group member had the largest individual financial interest. 182 F.R.D. 144, 147-48 (D.N.J. 1998). Although the *Cendant* District Court appointed a group of 11 funds on September 8, 1998, on August 28, 2001, the Third Circuit announced the presumption against groups larger than five when considering fee issues after the case had already settled. 264 F.3d 201, 267 (3d Cir. 2001) (vacating in part settlement approval on other grounds). The District Court's 1998 appointment of such a large group predates the presumption against large groups established decades ago, including in *Baan* and *Network Associates* in 1999 and *Cendant* in 2001. Courts in the Ninth Circuit—and indeed across the country—have followed this presumption ever since. *See*, *e.g.*, *LJ Int'l Inc.*, 2008 WL 11343371, at *3 n.2 ("Courts must . . . inquire whether a movant group is too large to represent the class in an adequate manner. . . . [C]ourts should generally presume that groups with more than five members are too large to work effectively"); *Dang v. Amarin Corp. PLC*, 2022 WL 15524944, at *10 (D.N.J. Oct. 27, 2022) (rejecting group in part because its "size of five . . . is on the upper-limit of what the Third Circuit has deemed presumptively acceptable"); *Eshe Fund v. Fifth Third Bancorp*, 2008 WL 11322108, at *4 (S.D. Ohio Dec. 16, 2008) ("[T]he majority of courts are clear that groups of five or less investors are appropriate").

[5] *See In re Nutanix, Inc. Sec. Litig.*, 2021 WL 783579, at *3 (N.D. Cal. Mar. 1, 2021) (re-opening lead plaintiff application process), 2021 WL 2410832, at *8 (N.D. Cal. June 10, 2021) (appointing pension fund over three-member group); *Peters v. Twist Bioscience Corp.*, 2023 WL 4849431, at *7 (N.D. Cal.

REPLY MEM. OF POINTS & AUTHORITIES IN FURTHER SUPPORT OF THE MOT. OF NYSCRF FOR
APP'T AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL
CASE NO. 5:24-CV-01234-PCP

Barring *Cendant*, the absence of 11-member groups extends to the NYC Eleven funds' own lead plaintiff motions and appointments. As noted in NYSCRF's opposition brief, members of the NYC Eleven have recently moved for lead plaintiff appointment in smaller groups, and the NYC Eleven were not appointed in either of the two cases where all 11 members moved collectively, *Rivian* and *Kraft*. *See* ECF No. 73 at 15. This is also consistent with the pre-*Kraft* motions filed by members of the NYC Eleven over the last 25 years. *See* Motion, *Sjunde AP-Fonden & Cleveland Bakers & Teamsters Pension Fund v. Gen. Elec. Co.*, No. 1:17-cv-08457 (S.D.N.Y. May 4, 2018) (***nine*** certifications for FFVSF, FOVSF, NYCERS, Fire, Police, POVSF, PSOVSF, TRS Var A, and TRS), ECF Nos. 88-89; Motion, *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:14-cv-08659 (S.D.N.Y. Dec. 29, 2014) (***nine*** certifications for NYCERS, TRS, Police, Fire, BOE, POVSF, FOVSF, FFVSF, and TRS Var A), ECF Nos. 47-49; Motion, *Jahm v. Bankrate, Inc.*, No. 9:14-cv-81323 (S.D. Fla. Nov. 17, 2014) (***four*** certifications for NYCERS, Police, BOE, and TRS), ECF No. 3; Motion, *Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.*, No. 3:11-cv-00433 (M.D. Tenn. July 8, 2011) (***five*** certifications for NYCERS, Police, Fire, TRS, and TRS Var A), ECF Nos. 23-28; Motion, *In re Wachovia Equity Sec. Litig.*, No. 1:08-cv-06171 (S.D.N.Y. Aug. 8, 2008) (***ten*** certifications for TRS, TRS Var A, NYCERS, Police, Fire, BOE, FFVSF, FOVSF, POVSF, and PSOVSF), ECF Nos. 10-12; Motion, *Koesterer v. Washington Mut., Inc.*, No 1:07-cv-09801 (S.D.N.Y. Jan. 4, 2008) (***six*** certifications for Fire, Police, PSOVSF, FOVSF, POVSF, and FFVSF), ECF Nos. 12-15; Amended Complaint, *George Pappas v. Countrywide Fin. Corp.*, No. 2:07-cv-05295 (C.D. Cal. ) (***six***-member group composed of NYCERS, Police, Fire, BOE, TRS, and NYSCRF), ECF No. 186 at 18; Motion, *In re Apple Inc. Sec. Litig.*, No. 5:06-cv-05208 (N.D. Cal. Oct. 24, 2006) (***one*** certification for NYCERS), ECF Nos. 3-4; Motion, *In re Juniper Sec. Litig.*, No. 5:06-cv-04327 (N.D. Cal. Sept. 15, 2006) (***ten*** certifications for NYCERS, TRS, Fire, Police, BOE, PSOVSF, POVSF, FFVSF, FOVSF, and TRS Var A), ECF Nos. 10-14; Motion, *In re Take-Two Interactive Sec. Litig.*, No. 1:06-cv-00803

---

July 28, 2023) (appointing pension fund); *Deinnocentis v. Dropbox, Inc.*, 2020 WL 264408, at *5 (N.D. Cal. Jan. 16, 2020) (appointing individual); *Kusen v. Herbert*, 2023 WL 8171736, at *10-11 (N.D. Cal. Nov. 24, 2023) (appointing pension fund over five-member group); *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, (S.D.N.Y. 2015) (appointing institution over two three-member groups).

REPLY MEM. OF POINTS & AUTHORITIES IN FURTHER SUPPORT OF THE MOT. OF NYSCRF FOR
APP'T AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL
CASE NO. 5:24-CV-01234-PCP

(S.D.N.Y. Apr. 3, 2006) (*three* certifications for NYCERS, Police, and Fire), ECF Nos. 5-8; Motion, *Newby v. Enron Corp.*, No. 4:01-cv-03624 (S.D. Tex. Dec. 21, 2001) (*ten* certifications for TRS Var A, FOVSF, PSOVSF, FFVSF, POVSF, BOE, Fire, Police, TRS, and NYCERS), ECF Nos. 60-62; Motion, *Castaldo v. MicroStrategy Inc.*, No. 1:00-cv-00473 (E.D. Va. June 26, 2024) (*one* fund movant only, NYCERS), ECF Nos. 69-71; Third Amended Complaint, *In re Orbital Scis. Corp. Sec. Litig.*, 2000 WL 35782083 (E.D. Va. Mar. 2, 2000) (*five*-member group composed of NYCERS, Fire, BOE, PSOVSF, and FFVSF); NYSCRF Reply to Opposition of Other Movants, *Aronson v. McKesson HBOC, Inc.*, No. 5:99-cv-20743 (N.D. Cal. Oct. 12, 1999) (*eight*-member group), ECF Nos. 171-74; Motion, *Goldstein v. Cendant Corp.*, No. 2:98-cv-01664 (D.N.J. June 11, 1998) (*nine*-member group composed of Police, Fire, NYCERS, FOVSF, FFVSF, PSOVSF, POVSF, BOE, and TRS), ECF Nos. 16-17.[6]

The NYC Eleven's citation to cases where some members were previously appointed (*see* ECF No. 71 at 7-8) highlights the fact that all 11 members of the NYC Eleven have *never* collectively been appointed lead plaintiff.[7]  *See* Order, *In re AT&T Sec. Litig.*, No. 2:23-cv-04064 (D.N.J. Apr. 16, 2024) (*five*-member group appointed, composed of TRS, NYCERS, Police, Fire, and BOE), ECF No. 49; *Choi v. Coupang, Inc.*, 2023 WL 2585979 (S.D.N.Y. Mar. 21, 2023) (*seven*-member, *unopposed* group appointed, composed of TRS, NYCERS, Police, Fire, BOE, TRS Var A, and the NYC Deferred Compensation Plan); Docket Entry, *KBC Asset Mgmt. NV v. Discover Fin. Servs.*, No. 1:23-cv-06788 (N.D. Ill. Nov. 30, 2023) (*five*-member, *unopposed* group appointed, composed of NYCERS, Police, Fire, TRS, and KBC Asset Management NV pursuant to stipulation), ECF Nos. 52, 61; Order, *Pappas v. Countrywide Fin. Corp.*, No. 2:07-cv-05295 (C.D. Cal. Nov. 28, 2007) (*six*-member group appointed, composed of NYCERS, Police, Fire, BOE, TRS, and NYSCRF), ECF No. 67; *Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.*, 2011 WL 6202585 (M.D. Tenn. Nov. 28, 2011) (report and recommendation),

---

[6] *See also* Declaration of David R. Kaplan in Further Support of the Motion of NYSCRF for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, and in Response to the Competing Motion ("Kaplan Decl."), Ex. A (collecting certifications, complaints, docket entries, and a reply brief).  Certifications are publicly available for all pre-*Kraft* lead plaintiff motions of members of the NYC Eleven except in *Countrywide Financial*, *MicroStrategy*, *Orbital*, and *McKesson HBOC*.

[7] In *Cendant*, the Court appointed a subset of nine members of the NYC Eleven.  182 F.R.D. at 144.

2012 WL 12485 (M.D. Tenn. Jan. 3, 2012) (*five*-member group appointed, composed of NYCERS, Police, Fire, TRS, and TRS Var A); *see also* Kaplan Decl., Ex. B (collecting orders).

Three outliers are obsolete and should be afforded zero weight in the analysis here. In *Cendant*, as discussed above, a District of New Jersey Court appointed nine members of the NYC Eleven together with NYSCRF and CalPERS on September 8, 1998. 182 F.R.D. at 149. This 25-year-old, out-of-circuit lead plaintiff order has had little to no precedential or even persuasive value over the last several decades, including in the Third Circuit following that Court of Appeals' establishment of the presumption against groups larger than five later in the same case. 264 F.3d at 267. In *Juniper*, a Central District of California Court appointed a ten-member, ultimately *unopposed* subset of the NYC Eleven on November 20, 2006, explaining that the "*only movant remaining* for appointment as Lead Plaintiff is the NYC Funds." *Garber v. Juniper Networks, Inc.*, 2006 WL 3365547, at *2 (C.D. Cal. Nov. 20, 2006). In *Wachovia*, a Southern District of New York Court appointed another ten-member, *unopposed* subset of the NYC Eleven on October 10, 2008, emphasizing that "there were *no attempts to rebut the presumption*" as the only competing movant "never filed an opposition." *Lipetz v. Wachovia Corp.*, 2008 WL 4615895, at *3 (S.D.N.Y. Oct. 10, 2008); *see also* Kaplan Decl., Ex. B (collecting orders).

The near-absolute absence of 11-member groups (with the exception of one 25-year-old order) from the NYC Eleven funds' own appointments history is also consistent with the prior lead plaintiff appointments that the NYC Eleven omit from their opposition brief (*see* ECF No. 71 at 7-8). *See* Order, *In re Apple Inc. Sec. Litig.*, No. 5:06-cv-05208 (N.D. Cal. Oct. 24, 2006) (*unopposed* motion of only NYCERS "granted . . . at oral argument on January 19, 2007"), ECF No. 19 n.2; Order, *In re Take-Two Interactive Sec. Litig.*, No. 1:06-cv-00803 (S.D.N.Y. July 12, 2006) (*three*-member, *unopposed* group appointed, composed of NYCERS, Police, and Fire), ECF No. 33; *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246 (E.D. Va. 1999) (*five*-member group appointed, composed of NYCERS, Fire, BOE, PSOVSF, and FFVSF); *see also* Kaplan Decl., Ex. B (orders). Accordingly, the Court should not permit aggregation of the losses of the NYC Eleven to overcome the superior individual financial interest of NYSCRF.

8

**2.      The NYC Eleven Are Inadequate and Cannot Cure Their Deficient Motion**

Even if the Court were to aggregate the losses of the NYC Eleven, and it should not, the NYC Eleven are inadequate, cannot cure their deficient motion, and therefore cannot trigger the "most adequate" plaintiff presumption.   Notwithstanding past securities litigation successes achieved with members of the NYC Eleven, the NYC Eleven have failed to show, by declaration or otherwise, how a group of 11 independent and legally distinct funds—with five executive directors and at least 84 Trustees with at least 93 votes serving on at least eight Boards (*see* ECF No. 74-2)—will effectively and efficiently manage the litigation, a prerequisite to even a preliminary finding of adequacy.  *See*, *e.g.*, *UP Fintech*, 2024 WL 387261, at *4 (finding two-member group "fail to make a prima facie showing" of adequacy in part because their "joint declaration . . . includes only boilerplate statements that they would work together as co-lead plaintiffs"); *Gemstar*, 209 F.R.D. at 450 (finding seven-member group "is too large and diverse to represent the class" adequately because "[a]t some point, a group becomes too large for its members to operate effectively as a single unit").

Here, all 11 funds provided separate authority to assert claims in this litigation, and all 11 funds must provide separate authority to settle or resolve this litigation.  *See* ECF No. 74-2.  Nevertheless, and despite their wide range of individual financial interests, the NYC Eleven have not answered ***any*** of the innumerable questions that implicate their adequacy.  How will they resolve disputes among their 11 funds?  Do the decisions of funds with smaller financial interests carry as much weight as decisions of funds with larger interests?  Can any fund(s) veto a settlement, and what if one or more funds do not abide by the will of the majority?  The problems and inefficiencies inherent to the NYC Eleven's composition are disqualifying, especially because their appointment would subject the Class to significant and wasteful costs (*e.g.*, discovery from multiple decision-makers) and unnecessary risks (*e.g.*, a finding of inadequacy at class certification).

Having failed to make a prima facie showing of their adequacy, the Court should reject any attempt by the NYC Eleven to cure these deficiencies on reply or otherwise.  For example, the NYC Eleven may submit declaration(s) defending their group motion.  However, the failure of lead plaintiff movants to provide such declarations together with their motion weighs against a finding of adequacy,

REPLY MEM. OF POINTS & AUTHORITIES IN FURTHER SUPPORT OF THE MOT. OF NYSCRF FOR
APP'T AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL
CASE NO. 5:24-CV-01234-PCP

and courts routinely refuse to consider declarations submitted after the original motion. *See, e.g., Impac Mortg.*, 2006 WL 6886020, at *9 (finding six-member group was inadequate in part because they "present[ed] no declarations" with their motion "indicating how they intend to work together in the litigation to supervise their attorneys [or] outlining their qualifications"); *Ross v. Abercrombie & Fitch Co.*, 2007 WL 895073, at *4 & n.3 (S.D. Ohio Mar. 22, 2007) ("declin[ing] to consider" declarations from two of four members of a rejected movant group seeking reconsideration of lead plaintiff order where the original movant group filed "no joint affidavit or declaration . . . concerning their cohesiveness [or] any mechanism for making decisions").

In the alternative—and because no member of the NYC Eleven has a larger financial interest than NYSCRF—the NYC Eleven may proffer a smaller group of four or five funds for the Court's consideration. However, courts refuse to consider such downsized groups for three reasons. First, the plain text of the PSLRA requires consideration of only the movant that "filed the complaint or made the motion." *Kinney v. Capstone Turbine Corp.*, 2016 WL 5341948, at *3 n.3 (C.D. Cal. Feb. 29, 2016) (finding four-member group inadequate even where one member claimed the largest individual loss); *see also Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008) (declining to consider just one of "top-two constituents" of three-member group because the three "moved for lead plaintiff as a group and will be evaluated as such"). Second, a group's very willingness to disband is evidence of their lack of cohesion. *Tsirekidze*, 2008 WL 942273, at *4 ("The willingness to abandon the group only suggests how loosely it was put together"); *see also McDermid v. Inovio Pharms., Inc.*, 467 F. Supp. 3d 270, 280 (E.D. Pa. 2020) (rejecting "eleventh-hour willingness to discard [group member]" because it demonstrated a lack of cohesion and "the group motion is the one before the Court"). Third, "wait[ing] to raise" such an alternative request for consideration of a smaller group "in [a] reply memorandum" deprives other movants and plaintiffs of the "opportunity to rebut" whether the smaller group "satisfies Rule 23's typicality and adequacy requirements." *Niederklein v. PCS Edventures!.com, Inc.*, 2011 WL 759553, at *8 (D. Idaho Feb. 24, 2011) (declining to "examine the individual losses" of a two-member group that originally sought lead plaintiff appointment "collectively" as a group, "and not

as individuals"). Having failed to establish their prima facie adequacy in their original motion, the NYC Eleven cannot now cure these deficiencies with declarations, downsizing, or otherwise.[8]

### 3.     NYSCRF Satisfies Rule 23's Typicality and Adequacy Requirements

As established in its opening motion (ECF No. 34), NYSCRF's ability to represent the Class is beyond reproach. Specifically, NYSCRF's claims are typical of the claims of the Class, and NYSCRF would adequately protect the interests of the Class because NYSCRF has no antagonistic claims to those of the Class and has selected well-qualified and diverse counsel to prosecute this action. *Id.* at 7-11. The notable recoveries NYSCRF has achieved as lead plaintiff in past securities class actions further evince NYSCRF's ability to maximize any recovery achieved for the Class in this action. *Id.* at 10-11. The fact that no other movant—including the NYC Eleven—has even attempted to challenge NYSCRF's typicality or adequacy further underscores NYSCRF's ability to represent the Class. *See* ECF No. 71 at 5 (addressing NYSCRF only with regard to financial interest). Accordingly, no proof exists to rebut the presumption that NYSCRF is the most adequate plaintiff and should be appointed Lead Plaintiff.

### B.     All Other Motions Should Be Denied

All other movants claim a far smaller financial interest than that of NYSCRF and—having withdrawn, filed notices of non-opposition, or conceded NYSCRF's larger financial interests (*see* ECF Nos. 56, 68, 69, 70, 80)—have failed to offer proof to rebut the presumption that NYSCRF is the most adequate plaintiff. Accordingly, all other motions should be denied.

---

[8] Similarly, given the PSLRA 60-day filing deadline expired on April 29, 2024, the Court should not consider any new assignments, whereby some of the NYC Eleven funds may seek to assign their claims to other funds. *See*, *e.g.*, *In re Bard Assocs., Inc.*, 2009 WL 4350780, at *1-3 (10th Cir. Dec. 2, 2009) (denying petition for writ of mandamus from rejected movant—where the district court "conclud[ed] that the PSLRA's strict time limits precluded it from considering assignments made after the filing of [movant's] lead plaintiff motion"—in part because the movant was not "precluded from obtaining . . . assignments before the 60-day filing deadline"); *Friedman v. Quest Energy Partners LP*, 261 F.R.D. 607, 612 (W.D. Okla. 2009) ("[T]he assignments of claims which occurred after the filing of the motion to be appointed lead plaintiff cannot be considered" because the "plain language of the statute precludes consideration of any supplemental information filed after the sixty day window has closed").

## IV.    <u>CONCLUSION</u>

For the reasons discussed above and in prior briefs (ECF Nos. 23, 73), NYSCRF respectfully requests that the Court grant its Motion in its entirety and deny the competing motions.

Dated:  May 20, 2024                        Respectfully submitted,

*/s/ David R. Kaplan*

**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
Tel.: (858) 997-0860
Fax: (858) 369-0096
dkaplan@saxenawhite.com

Maya Saxena (admitted *pro hac vice*)
Lester R. Hooker (SBN 241590)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Tel.: (561) 394-3399
Fax: (561) 394-3382
msaxena@saxenawhite.com
lhooker@saxenawhite.com

Rachel A. Avan (*pro hac vice* pending)
Marco A. Dueñas (admitted *pro hac vice*)
10 Bank Street, Suite 882
White Plains, NY 10606
Tel.: (914) 437-8551
Fax: (888) 631-3611
ravan@saxenawhite.com
mduenas@saxenawhite.com

*Counsel for Proposed Lead Plaintiff Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative Head of the New York State and Local Retirement System, and as Trustee of the New York State Common Retirement Fund, and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on May 20, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel or parties of record.

*/s/ David R. Kaplan*
David R. Kaplan

REPLY MEM. OF POINTS & AUTHORITIES IN FURTHER SUPPORT OF THE MOT. OF NYSCRF FOR
APP'T AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL
CASE NO. 5:24-CV-01234-PCP