**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Kevin P.B. Johnson (Bar No. 177129)
Michael T. Lifrak (Bar No. 210846)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
kevinjohnson@quinnemanuel.com
michaellifrak@quinnemanuel.com

*Counsel for Defendants*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE L. FLANNERY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SNOWFLAKE INC., et al., <br><br> Defendants. | Case No. 5:24-cv-01234-PCP <br><br> **CLASS ACTION** <br><br> **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS** <br><br> Judge:  Hon. P. Casey Pitts <br> Courtroom:  8, 4th Floor <br> Hearing Date:  May 1, 2025 <br> Hearing Time:  10:00 a.m. |

Defendants Snowflake Inc. ("Snowflake" or the "Company"), Frank Slootman, and Michael Scarpelli (together, "Defendants") respectfully request that the Court take judicial notice of the exhibits identified below in support of Defendants' concurrently filed Motion to Dismiss. All Exhibits are attached to the Declaration of Kevin P.B. Johnson filed concurrently herewith.

The Court should take judicial notice of and consider the contents of Exhibits A through HH described below because each may be properly considered by the Court, and each provides the Court with important context to assess whether Plaintiffs have adequately alleged a securities fraud claim. In resolving a Rule 12(b)(6) motion to dismiss in a securities fraud action, "courts must consider the complaint in its entirety," including (1) "documents incorporated into the complaint by reference," and (2) "matters of which a court may take judicial notice." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *see also Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017). As detailed below, these exhibits either have been incorporated by reference into Plaintiffs' Amended Complaint (the "Complaint," ECF No. 98) or are otherwise proper subjects of judicial notice under Federal Rule of Evidence 201. Consideration of these documents is appropriate on a motion to dismiss. *See U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (courts may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment"); *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1230 (C.D. Cal. 2015) (at motion to dismiss phase, "[t]he court is 'not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint' or proper subjects of judicial notice") (quoting *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998)). "The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

***Documents Incorporated by Reference:*** The Court may consider the contents of Exhibits A-D, F-L, P, R-V, X-Y, BB-DD, and HH because each of these documents is incorporated by reference in the Complaint. The Court may "consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445,

448 (9th Cir. 2006).

The Complaint relies on the contents of these exhibits, and Plaintiffs reference these documents extensively throughout the Complaint. Plaintiffs' Exchange Act claims rely on certain earnings call transcripts (*e.g.*, Exs. T-V, X, BB-DD), an industry conference transcript (Ex. F), and what Plaintiffs allege are misstatements therein. *E.g.*, ¶¶ 383, 386, 389, 393, 396.[1] Plaintiffs also expressly rely on certain SEC filings by Snowflake (*e.g.*, Exs. A-B, D, H-L, P, S, HH), which Plaintiffs allege contained misrepresentations, omitted material information, or on which Plaintiffs otherwise rely for their allegations. *E.g.*, ¶¶ 29, 69, 278-81. Further, Plaintiffs rely on *Amp it Up: Leading for Hypergrowth by Raising Expectations, Increasing Urgency, and Elevating Intensity* ("*Amp It Up*") (Ex. Y), a 2022 book written by Defendant Frank Slootman, to allege Snowflake engaged in aggressive sales practices to purportedly oversell credits to customers. *E.g.*, ¶¶ 3, 49, 265-75, 312-13, 336, 348, 452, 459. The above documents are relied on by Plaintiffs, are central to Plaintiffs' claims, and their authenticity is not in question.

The contents of the above Exhibits, which are incorporated by reference into the Complaint, can properly be considered in resolving Defendants' motions to dismiss. *See, e.g.*, *Ritchie*, 342 F.3d at 908 ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2017 WL 3727318, at *10 (N.D. Cal. Aug. 30, 2017) (SEC filings referenced in the complaint may be considered on a motion to dismiss); *Norfolk Cnty. Ret. Sys. v. Solazyme, Inc.*, 2016 WL 7475555, at *1 n.1 (N.D. Cal. Dec. 29, 2016) (considering documents incorporated by reference in complaint); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned.").

***Documents Filed with the SEC:*** The Court may also take judicial notice of the contents of Exhibits A, B, D, H-Q, and S for the additional reason that these are documents filed with the SEC, specifically Snowflake's Prospectus and Registration Statement and Forms 8-K and 10-K filed with the SEC by Snowflake. Courts routinely take judicial notice of these types of SEC filings and consider their contents

---

[1] References to "¶ __" are to the Complaint.

on motions to dismiss. *See, e.g.*, *Norfolk Cnty*, 2016 WL 7475555, at *1 n.1 (taking judicial notice of SEC filings); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice of SEC filings is "proper"); *In re Rackable Sys., Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) ("SEC filings may be judicially noticed."); *In re Yahoo!*, 2017 WL 3727318, at *10 ("SEC filings and documents on government websites are proper subjects of judicial notice.").

The Court may similarly take judicial notice of Forms 4 and Proxy Statements (Exs. EE-HH) filed with the SEC for the purpose of evaluating stock holdings in connection with allegations of scienter. *See, e.g.*, *Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at *4 (N.D. Cal. Nov. 16, 2020) (considering Forms 4 for the purpose of evaluating stock sales and scienter allegations even where Forms 4 are not explicitly cited in complaint); *Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1043 (N.D. Cal. 2019) (taking judicial notice of proxy statement); *In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (judicial notice of Form 4 and proxy statements for the purpose of evaluating stock holdings was proper because they "are relevant for the purpose of evaluating scienter").

***Investor Call Transcripts and Presentations:*** In addition to certain investor call transcripts being incorporated by reference as described above, the investor call transcripts and presentations cited by Defendants (Exs. C, E, G, R, T-V, X, BB-DD) are proper subjects of judicial notice. *See, e.g.*, *Sneed v. AcelRx Pharm., Inc.*, 2022 WL 4544721, at *3 (N.D. Cal. Sept. 28, 2022) ("transcripts of earnings calls . . . are proper subjects of judicial notice"); *Lamontagne v. Tesla, Inc.*, 2024 WL 4353010, at *3 (N.D. Cal. Sept. 30, 2024) (taking judicial notice of earnings call transcripts); *In re Sentinelone, Inc. Sec. Litig.*, 2024 WL 3297150, at *3 (N.D. Cal. July 2, 2024) ("Courts routinely take judicial notice of transcripts of calls with and presentations to investors in securities cases.").

***Industry Conference Transcripts:*** In addition to the fact that Plaintiffs allege Scarpelli made misstatements during the December 6, 2021 Global TMT Conference (¶ 396), the Court may take judicial notice of the transcript of that conference, as well as the transcript of the September 15, 2021 Citi Global Technology Conference. Ex. F, W. *See, e.g.*, *Bodri v. GoPro, Inc.*, 252 F. Supp. 3d 912, 921 (N.D. Cal. 2017) (taking judicial notice of CEO presentations at industry conferences).

***Analyst Reports:*** The analyst reports cited in Defendants' motion to dismiss (Exs. Z, AA) are proper subjects of judicial notice. Courts routinely take judicial notice of analyst reports to demonstrate

the information available to the market. *See In re Rackable Sys.*, 2010 WL 3447857, at \*3 (taking judicial notice of analyst reports); *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at \*9 (N.D. Cal. Mar. 3, 2011) ("courts routinely take judicial notice of analyst reports"), *aff'd*, 704 F.3d 1119 (9th Cir. 2013), and *aff'd*, 729 F.3d 1104 (9th Cir. 2013); *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at \*4 (N.D. Cal. June 19, 2020) (taking judicial notice of analyst reports).

**Slootman's Book:** In addition to being incorporated by reference as described above, the Court may also take judicial notice of Slootman's book, *Amp It Up* (Ex. Y). *See, e.g.*, *Plumbers and Steamfitters Local 60 Pension Trust v. Meta Platforms, Inc.*, 2024 WL 4251896, at \*9 (N.D. Cal. Sept. 17, 2024) (books are the types of materials "of which courts routinely take judicial notice") (citing cases); *see also Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of books).

For the foregoing reasons, the Defendants respectfully request that their motion for judicial notice and consideration of Exhibits A through HH be granted.

***Exhibits Incorporated by Reference and/or Subject to Judicial Notice***:

| Ex. | Document | Basis for Consideration |
|---|---|---|
| A | Snowflake Registration Statement & Prospectus | Incorporated by Reference (*e.g.*, ¶¶ 278-81, 380) and Judicial Notice of SEC Filing |
| B | Snowflake Mar. 3, 2021 Form 8-K | Incorporated by Reference (*e.g.*, ¶ 296) and Judicial Notice of SEC Filing |
| C | Snowflake June 10, 2021 Investor Day Presentation | Incorporated by Reference (*e.g.*, ¶¶ 47, 457) and Judicial Notice of Investor Call Presentation |
| D | Snowflake May 26, 2021 Form 8-K | Incorporated by Reference (*e.g.*, ¶ 298) and Judicial Notice of SEC Filing |
| E | Snowflake May 26, 2021 Earnings Call Transcript | Judicial Notice of Earnings Call Transcript |
| F | Dec. 6, 2021 Global TMT Conference Transcript | Incorporated by Reference (*e.g.*, ¶ 396) and Judicial Notice of Industry Conference Transcript |
| G | Snowflake Mar. 2, 2022 Earnings Call Transcript | Incorporated by Reference (*e.g.*, ¶ 453) and Judicial Notice of Earnings Call Transcript |
| H | Snowflake 2022 Form 10-K | Incorporated by Reference (*e.g.*, ¶ 30) and Judicial Notice of SEC Filing |
| I | Snowflake Dec. 2, 2020 Form 8-K | Incorporated by Reference (*e.g.*, ¶ 294) |

| | | and Judicial Notice of SEC Filing |
|---|---|---|
| J | Snowflake Aug. 25, 2021 Form 8-K | Incorporated by Reference (*e.g.*, ¶ 299) and Judicial Notice of SEC Filing |
| K | Snowflake Dec. 1, 2021 Form 8-K | Incorporated by Reference (*e.g.*, ¶ 301) and Judicial Notice of SEC Filing |
| L | Snowflake Mar. 2, 2022 Form 8-K | Incorporated by Reference (*e.g.*, ¶¶ 12, 424, 453) and Judicial Notice of SEC Filing |
| M | Snowflake May 25, 2022 Form 8-K | Judicial Notice of SEC Filing |
| N | Snowflake Aug. 24, 2022 Form 8-K | Judicial Notice of SEC Filing |
| O | Snowflake Nov. 30, 2022 Form 8-K | Judicial Notice of SEC Filing |
| P | Snowflake Mar. 1, 2023 Form 8-K | Incorporated by Reference (*e.g.*, ¶ 13) and Judicial Notice of SEC Filing |
| Q | Snowflake May 24, 2023 Form 8-K | Judicial Notice of SEC Filing |
| R | Snowflake June 10, 2021 Investor Day Transcript | Incorporated by Reference (*e.g.*, ¶ 453) and Judicial Notice of Investor Call Transcript |
| S | Snowflake 2021 Form 10-K | Incorporated by Reference (*e.g.*, ¶¶ 29, 69) and Judicial Notice of SEC Filing |
| T | Snowflake Dec. 2, 2020 Earnings Call Tr. | Incorporated by Reference (*e.g.*, ¶ 383) and Judicial Notice of Earnings Call Transcript |
| U | Snowflake Dec. 1, 2021 Earnings Call Transcript | Incorporated by Reference (*e.g.*, ¶ 392-93) and Judicial Notice of Earnings Call Transcript |
| V | Snowflake Aug. 25, 2021 Earnings Call Transcript | Incorporated by Reference (*e.g.*, ¶¶ 389, 402) and Judicial Notice of Earnings Call Transcript |
| W | Sept. 15, 2021 Citi Global Tech. Conference Transcript | Judicial Notice of Industry Conference Transcript |
| X | Snowflake May 25, 2022 Earnings Call Transcript | Incorporated by Reference (*e.g.*, ¶¶ 408, 410, 453) and Judicial Notice of Earnings Call Transcript |
| Y | *Amp It Up: Leading for Hypergrowth by Raising Expectations, Increasing Urgency, and Elevating Intensity*, Frank Slootman | Incorporated by Reference (*e.g.*, ¶¶ 3, 49, 265-75, 312-313, 336, 348, 452, 459) and Judicial Notice of Book |
| Z | Oct. 12, 2020 Cowen Report | Judicial Notice of Analyst Report |
| AA | Oct. 11, 2020 Oppenheimer Report | Judicial Notice of Analyst Report |
| BB | Snowflake Mar. 3, 2021 Earnings | Incorporated by Reference (*e.g.*, ¶¶ 386, 399) and Judicial Notice of Earnings Call |

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

| | | Call Transcript | Transcript |
|---|---|---|---|
| | CC | Snowflake Nov. 30, 2022 Earnings Call Transcript | Incorporated by Reference (*e.g.*, ¶¶ 420, 422) and Judicial Notice of Earnings Call Transcript |
| | DD | Snowflake Aug. 24, 2022 Earnings Call Transcript | Incorporated by Reference (*e.g.*, ¶¶ 413, 416, 418) and Judicial Notice of Earnings Call Transcript |
| | EE | Snowflake 2021 Proxy Statement | Judicial Notice of SEC Filing |
| | FF | Snowflake 2022 Proxy Statement | Judicial Notice of SEC Filing |
| | GG | Snowflake 2023 Proxy Statement | Judicial Notice of SEC Filing |
| | HH | Slootman Dec. 16, 2021 Form 4 | Incorporated by Reference (*e.g.*, ¶¶ 462, 467) and Judicial Notice of SEC Filing |

DATED:  December 23, 2024

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Kevin P.B. Johnson*
Kevin P.B. Johnson (Bar No. 177129)
Michael T. Lifrak (Bar No. 210846)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone:  (650) 801-5000
kevinjohnson@quinnemanuel.com
michaellifrak@quinnemanuel.com

Jesse Bernstein (*pro hac vice*)
Leigha Empson (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY  10016
Telephone:  (212) 849-7000
jessebernstein@quinnemanuel.com
leighaempson@quinnemanuel.com

*Counsel for Defendants Snowflake Inc., Frank Slootman, and Michael P. Scarpelli*