M. Elizabeth Graham (Cal. Bar Id. 143085)
**Grant & Eisenhofer P.A.**
2325 Third Street, Suite 329
San Francisco, CA 94107
Tel.: (415) 229-9720
Fax: (415) 789-4367
Email: egraham@gelaw.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE L. FLANNERY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SNOWFLAKE INC., FRANK SLOOTMAN, AND MICHAEL P. SCARPELLI,<br><br>Defendants. | No. 5:24-cv-01234-PCP<br><br><u>CLASS ACTION</u><br><br>**LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. P. Casey Pitts<br>Courtroom: 8, 4th Floor<br>Hearing Date: October 9, 2025<br>Hearing Time: 10:00 a.m. |

Lead Plaintiff's Opposition to Defendants' Request for Judicial Notice, Case No. 5:24-cv-01234-PCP

Lead Plaintiff opposes Defendants' Request for Judicial Notice ("Defendants' Request") (ECF No. 109-2) as to Exhibits H and S (the "Exhibits"), because these documents are not incorporated by reference into the Second Amended Complaint ("SAC") and are being offered for the truth of the matter asserted therein.

## ARGUMENT

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). This is because "the Court is required to accept plaintiff's portrayal of the facts when evaluating a motion to dismiss." *Huizar v. Mandarich Law Grp. LLP*, 2013 WL 4209050, at *3 (C.D. Cal. Aug. 14, 2013). "If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Khoja,* 899 F.3d at 999 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Ninth Circuit has recognized that there exists a "concerning pattern in securities cases like this one: exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja*, 899 F.3d at 998 (noting that the "overuse and improper application of judicial notice and the incorporation-by-reference doctrine [] can lead to unintended and harmful results."). "This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." *Id*.; *see also Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1281-82 (C.D. Cal. 2016) (the "practical reality" of "inappropriate efforts by defendants" in SEC matters to "expand courts' consideration of extrinsic evidence at the motion to dismiss stage," is "particularly troubling in the common situation of asymmetry, where a defendant starts off with sole possession of the information about the alleged wrongdoing").

Defendants request judicial notice of the Exhibits for the sole purpose of introducing their version of the facts. The Exhibits consist of an analyst report and an investor conference call

1

transcript, both of which are being offered by Defendants for the Court to accept as fact matters discussed therein.

*Exhibit H*. Exhibit H is a March 3, 2022 J.P. Morgan Report that Defendants rely upon to argue that "[p]latform improvements happen periodically," and thus the market "expected" Snowflake's Platform Enhancements. DB:4, 16. But the SAC does not allege that "platform improvements happen periodically." Indeed, it says nothing about the typical timing of improvements that software companies implement. Thus, the Court can draw no inference as to whether or not investors "expected" Snowflake's Platform Enhancements to be released, let alone how often, or what their effect would be on Snowflake's revenue. Defendants' attempt to insert their version of the facts regarding the regularity of software company product upgrades and what investors "expected" should be rejected.

*Exhibit S*. Exhibit S is a transcript of a Citi Global Tech Conference held on September 15, 2021. Defendants attempt to use it to argue that investors knew that it "often took customers 9-12 months on average to consume at their contracted rates." DB: 8.  However, in direct contrast to the fact that Defendants cite Exhibit S for, the SAC alleges that customers did *not* use their credits within their contract terms, which lasted longer than 12 months. SAC ¶¶ 5, 94, 96-97, 130, 136, 139, 143, 145, 152, 168, 172-74, 184, 200, 318, 330, 339, 343, 354-55, 379, 384-85, 401, 443, 447, 470, 473, 512, 523, 534. Defendants also attempt to use Exhibit S to argue that investors were on notice of the Platform Enhancements because Defendant Scarpelli stated, "we have a new chipset coming up next year that we're going to be rolling out." DB:9. But there was no way for investors to connect a vague reference to a "new chipset" to the actual platform enhancements that were released. Further, a reference to the product becoming "cheaper and more economical" did not put investors on notice of $97 million in headwinds that were announced in March 2022.

The cases Defendants rely on to assert that the Exhibits should be judicially noticed are inapposite because none involve instances where judicial notice of documents was granted to allow defendants to argue the truth of the matters in the documents. Defendants' Request: 3-4. *See In re Rackable Sys., Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010)

2

(granting judicial notice "but not for the truth of their contents"); *In re Century Aluminum Co., Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011) (granting judicial notice but not for purposes of noticing the truth in them); *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at *3-4 (N.D. Cal. June 19, 2020) (same, and in any event plaintiffs did not oppose judicial notice); *Bodri v. GoPro, Inc.*, 252 F. Supp. 3d 912, 921 (N.D. Cal. 2017) (court took judicial notice "only of the existence of the documents, not of the veracity of allegations or legal conclusions asserted in them").

## CONCLUSION

For the foregoing reasons, Defendants' Request for Judicial Notice should be denied as to the Exhibits.

DATED: August 5, 2025                    Respectfully submitted,

*/s/ Elizabeth Graham*
M. Elizabeth Graham (Cal. Bar Id. 143085)
Grant & Eisenhofer P.A.
2325 Third Street, Suite 329
San Francisco, CA 94107
Tel.: (415) 229-9720
Fax: (415) 789-4367
Email: egraham@gelaw.com

Caitlin M. Moyna (*pro hac vice*)
Mica A. Cocco (*pro hac vice*)
Grant & Eisenhofer P.A.
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Emails: cmoyna@gelaw.com
            mcocco@gelaw.com

*Counsel for Lead Plaintiff and*
*Lead Counsel for the Proposed Class*

Lead Plaintiff's Opposition to Defendants' Request for Judicial Notice, Case No. 5:24-cv-01234-PCP